Clear Water Psychological Servs., P.C. v Hereford Ins. Co. (2020 NY Slip Op
50847(U))

[*1]

Clear Water Psychological Servs., P.C. v Hereford Ins. Co.

2020 NY Slip Op 50847(U) [68 Misc 3d 127(A)]

Decided on July 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, BERNICE D.
SIEGAL, JJ

2018-2438 K C

Clear Water Psychological Services, P.C.,
as Assignee of Nicole Mitchell, Respondent, 
against
Hereford Insurance Co., Appellant. 

Goldberg Miller & Rubin, P.C. (Timothy Bishop of counsel), for appellant.
Law Office of Marina Josovich, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Sharon
Bourne-Clarke, J.), entered November 8, 2018. The order granted plaintiff's motion for summary
judgment and denied defendant's cross motion for summary judgment dismissing the
complaint.

ORDERED that the order is modified by providing that plaintiff's motion for summary
judgment is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved
for summary judgment. Defendant opposed the motion and cross-moved for summary judgment
dismissing the complaint on the ground that the action is premature, as plaintiff had failed to
respond to defendant's timely requests for additional verification.
Defendant's cross motion was properly denied, as defendant failed to establish, prima facie,
that its requests for additional verification were proper or timely, since defendant's letters, which
were submitted in support of its cross motion, merely stated that defendant was waiting for
specified documents without actually requesting such verification from the assignor (see Points of Health Acupuncture, P.C. v
Lancer Ins. Co., 28 Misc 3d 133[A], 2010 NY Slip Op 51338[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2010]), and that verification remains [*2]outstanding.
Plaintiff's motion for summary judgment should have been denied, as the proof submitted by
plaintiff failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v
Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely
denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide
Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011
NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Accordingly, the order is modified by providing that plaintiff's motion for summary
judgment is denied.
ALIOTTA, P.J., and SIEGAL, J., concur.
WESTON, J., concurs in part and dissents in part, and votes to reverse the order, deny
plaintiff's motion for summary judgment, and grant defendant's cross motion for summary
judgment dismissing the complaint in the following memorandum:
While I agree with the majority that plaintiff's motion should have been denied, I disagree
with the majority's conclusion that defendant's cross motion was properly denied. Accordingly, I
would reverse the order and grant summary judgment to defendant.
In this no-fault action, plaintiff Clear Water Psychological Services, P.C., as assignee of
Nicole Mitchell, seeks payment for services rendered to Ms. Mitchell. Following receipt of
plaintiff's claims, defendant timely issued additional verification request letters seeking
information to facilitate defendant's ability to process the claims. The letters were sent to plaintiff
and copied to Ms. Mitchell and her attorney. Plaintiff never responded to defendant's letters.

After plaintiff moved for summary judgment, defendant cross-moved for summary judgment
dismissing the complaint. Defendant argued that the action was premature since plaintiff had
failed to respond to its requests for verification. Defendant argued that the time to either pay the
claim or issue a denial was tolled indefinitely and this action was premature (see Montefiore Med. Ctr. v Government
Empls. Ins. Co., 34 AD3d 771 [2006]; New York & Presbyt. Hosp. v American
Tr. Ins. Co., 287 AD2d 699, 700 [2001]; see also Mount Sinai Hosp. v Chubb Group of Ins. Cos., 43 AD3d
889, 890 [2007] [when a no-fault medical service provider fails to respond to the requests
for verification, the 30 days in which to pay or deny the claim are tolled and do not begin to
run]). 
It is undisputed that defendant's additional verification letters were mailed timely.

 "Where there is a timely original request for verification, but no response to the request
for verification is received within 30 calendar days thereafter . . . insurer, within 10 calendar days
after the expiration of that 30-day period, must follow up with a second request for verification
(see 11 NYCRR 65-3.6 [b]). If there is no response to the second, or follow-up, request
for verification, the time in which the insurer must [*3]decide
whether to pay or deny the claim is indefinitely tolled (Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d
312, 317; see also Infinity Health
Prods., Ltd. v Eveready Ins. Co., 67 AD3d 862, 864-865 [2009])"
(Sound Shore
Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d 157, 163 [2013]). Here,
defendant's initial and follow-up letters were all sent within the prescribed time frame. 

Defendant's letters were detailed, unambiguous, and exacting. They did more than merely
advise of processing delays. The letters stated: "Be advised that the insurer may deny the claim
if the applicant does not provide within 120 calendar days from the date of the initial
request either all such verifications under the applicant's control or possession or written
proof providing reasonable justification for the failure to comply" (emphasis added). Plaintiff
never supplied any information and failed to provide any explanation for the failure to comply.

These letters are more than mere processing delay letters. They were mailed to plaintiff, the
insured, and the insured's counselor, each specifically instructing the applicant to take action to
prevent denial of the claim. Plaintiff took no action, even to state that the materials were not
under its control or possession. While the majority may have a preference as to how the letters
should be addressed, that preference does not equate to legal insufficiency. Indeed, plaintiff's
claim was supported by an assignment of benefit form executed by the insured. In accordance
with this assignment, arguably plaintiff was in the position to request any additional
documentation from the assignor to ensure its claims could be processed by defendant. 
Accordingly, I would grant summary judgment to defendant.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2020