Pavlova v Nationwide Ins. (2021 NY Slip Op 50213(U))

[*1]

Pavlova v Nationwide Ins.

2021 NY Slip Op 50213(U) [70 Misc 3d 144(A)]

Decided on March 12, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 12, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1374 K C

Ksenia Pavlova, D.O., as Assignee of
Taylor, Vladimir, Respondent, 
against
Nationwide Ins., Appellant. 

Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for appellant.
The Rybak Firm, PLLC (Oleg Rybak of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered August 9, 2019. The order, insofar as appealed from, denied
defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court as denied defendant's motion which had
sought summary judgment dismissing the complaint on the ground that plaintiff's assignor failed
to appear for duly scheduled examinations under oath (EUOs). The Civil Court limited the issues
for trial, in effect pursuant to CPLR 3212 (g), to whether plaintiff's assignor failed to appear for
the duly scheduled EUOs. More specifically, the court found, among other things, that
"[a]lthough defendant ha[d] established that it mailed EUO scheduling letters to The Rybak
[Law] Firm, PLLC and plaintiff's assignor at the address stated on the NF-2, there is an issue of
fact as to the assignor's non-appearance for examinations under oath as defendant has not
established that [the assignor] was represented by counsel."
To establish its prima facie entitlement to summary judgment dismissing a complaint on the
ground that a plaintiff's assignor failed to appear for an EUO, an insurer must demonstrate, as a
matter of law, that it twice duly demanded an EUO from the assignor, that the assignor twice
failed to appear, and that the insurer issued a timely denial of the claims (see Interboro Ins.
Co. v Clennon, 113 AD3d 596, 597 [2014]). Contrary to the determination of the Civil
Court, the affirmations of defendant's counsel, as well as the transcripts of the EUOs, were
sufficient to establish that plaintiff's assignor had failed to appear for the EUOs. It is irrelevant
whether plaintiff's assignor was represented by counsel, as defendant was only required to mail
the EUO scheduling letters to plaintiff's assignor (see 11 NYCRR 65-3.5 [e]; 3.6 [b]).
Consequently, as plaintiff failed to raise a triable issue of fact in opposition to defendant's motion
or otherwise challenge the implicit CPLR 3212 (g) findings in defendant's favor, defendant is
entitled to summary judgment dismissing the complaint.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for
summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 12, 2021