Forest Park Acupuncture, P.C. v Nationwide Prop. & Cas. Ins. Co. (2022 NY Slip Op
50915(U))

[*1]

Forest Park Acupuncture, P.C. v Nationwide Prop. & Cas. Ins.
Co.

2022 NY Slip Op 50915(U) [76 Misc 3d 132(A)]

Decided on September 9, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 9, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-683 K C

Forest Park Acupuncture, P.C., as Assignee
of Jose Enzo, Respondent, 
against
Nationwide Property & Casualty Insurance Co., Appellant.

Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for appellant.
Zara Javakov, P.C. (Victoria Tarasova of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Consuelo
Mallafre Melendez, J.), entered January 9, 2020. The order, insofar as appealed from and as
limited by the brief, denied defendant's motion for summary judgment dismissing the
complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court as denied defendant's motion which had
sought summary judgment dismissing the complaint on the ground that plaintiff's assignor failed
to appear for duly scheduled examinations under oath (EUOs). The Civil Court found, in effect
pursuant to CPLR 3212 (g), that plaintiff established the timely mailing of the bills and defendant
established the timely mailing of its denials, and limited the issue for trial to defendant's "EUO
no show defense as to the March 27, 2017 date."
In its motion, defendant established that a letter scheduling the EUO for March 27, 2017 was
timely and properly mailed (see St.
Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]).
The affirmation of defendant's counsel, as well as the transcript of the March 27, 2017 EUO, was
sufficient to establish that plaintiff's assignor failed to appear for [*2]that EUO (Pavlova v Nationwide Ins., 70 Misc 3d 144[A], 2021 NY Slip Op
50213[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). Consequently, as plaintiff
failed to raise a triable issue of fact in opposition to defendant's motion or otherwise challenge
the implicit CPLR 3212 (g) finding in defendant's favor, defendant is entitled to summary
judgment dismissing the complaint.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for
summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 9, 2022