Spring Rehab, P.T., P.C. v Hereford Ins. Co. (2022 NY Slip Op
51270(U))

[*1]

Spring Rehab, P.T., P.C. v Hereford Ins. Co.

2022 NY Slip Op 51270(U) [77 Misc 3d 135(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-124 K C

Spring Rehab, P.T., P.C., as
Assignee of Noel Sanchez, Appellant, 
against
Hereford Insurance Co., Respondent.

Law Offices of Ilona Finkelshteyn, P.C. (Marina Josovich of counsel), for appellant.
Goldberg, Miller & Rubin, P.C. (Harlan R. Schreiber and Ruth Nazarian of
counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Carolyn Walker-Diallo, J.), entered December 11, 2019. The order denied plaintiff's
motion for summary judgment and granted defendant's cross motion for summary
judgment dismissing the complaint.

ORDERED that the order is modified by providing that defendant's cross motion for
summary judgment dismissing the complaint is denied; as so modified, the order is
affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff
moved for summary judgment. Defendant opposed the motion and cross-moved for
summary judgment dismissing the complaint on the ground that the action is premature,
as plaintiff failed to respond to defendant's timely requests for additional verification. By
order entered December 11, 2019, the Civil Court denied plaintiff's motion and granted
defendant's cross motion.
Defendant's cross motion should have been denied. With respect to the claim for date
of service November 9, 2017, upon which the fourth cause of action of the complaint
was based, the letters defendant sent seeking additional verification were incorrectly
addressed to another [*2]provider, and, thus, the parties
agree that defendant did not establish its entitlement to summary judgment dismissing
that cause of action. With respect to the remaining claims, defendant failed to establish,
prima facie, that it properly requested additional verification, since defendant's letters to
plaintiff, which were submitted in support of its cross motion, merely stated that
defendant was waiting for specified documents without actually requesting verification
from plaintiff (see Clear Water
Psychological Servs., P.C. v Hereford Ins. Co., 68 Misc 3d 127[A], 2020 NY
Slip Op 50847[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]).
Plaintiff's motion for summary judgment was properly denied, as the proof submitted
by plaintiff failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care,
P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had
issued timely denial of claim forms that were conclusory, vague, or without merit as a
matter of law (see Westchester
Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins.
Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's cross motion for
summary judgment dismissing the complaint is denied.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2022