Spring Rehab PT P.C. v Nationwide Affinity Ins. Co. (2022 NY Slip Op
51268(U))

[*1]

Spring Rehab PT, P.C. v Nationwide Affinity Ins. Co.

2022 NY Slip Op 51268(U) [77 Misc 3d 135(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2020-893 K C

Spring Rehab PT, P.C., as Assignee
of Atiba Proverbs, Respondent, 
against
Nationwide Affinity Insurance Company, Appellant.

Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for appellant.
Law Offices of Marina Josovich, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County
(Cenceria P. Edwards, J.), entered June 9, 2020. The order granted plaintiff's motion for
summary judgment and denied defendant's cross motion for summary judgment
dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, plaintiff's motion for summary
judgment is denied and defendant's cross motion for summary judgment dismissing the
complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits,
defendant appeals from an order of the Civil Court granting plaintiff's motion for
summary judgment and denying defendant's cross motion which had sought summary
judgment dismissing the complaint on the ground that plaintiff's assignor had failed to
appear for duly scheduled examinations under oath (EUOs).
The affidavit submitted by defendant established that the EUO scheduling letters and
the denial of claim forms, which denied the claims on the ground that plaintiff's assignor
had failed to appear for the EUOs, had been timely mailed in accordance with
defendant's standard office [*2]practices and procedures
(see St. Vincent's Hosp. of
Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). In addition,
defendant submitted affidavits by its attorneys who were scheduled to conduct the EUOs,
as well as certified transcripts of the attorneys' statements of the nonappearances, which
were sufficient to establish the assignor's failure to appear (see Pavlova v Nationwide Ins.,
70 Misc 3d 144[A], 2021 NY Slip Op 50213[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2021]; TAM Med. Supply Corp. v 21st Century Ins. Co., 57 Misc 3d
149[A], 2017 NY Slip Op 51510[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2017]). As defendant established its prima facie entitlement to summary judgment
(see Interboro Ins. Co. v
Clennon, 113 AD3d 596 [2014]), and plaintiff failed to raise a triable issue of
fact in opposition to defendant's cross motion, defendant's cross motion for summary
judgment dismissing the complaint should have been granted.
Accordingly, the order is reversed, plaintiff's motion for summary judgment is
denied and defendant's cross motion for summary judgment dismissing the complaint is
granted.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2022