Heal-Rite, P.T., P.C. v State Farm Mut. Auto. Ins. Co. (2022 NY Slip Op
51246(U))

[*1]

Heal-Rite, P.T., P.C. v State Farm Mut. Auto. Ins. Co.

2022 NY Slip Op 51246(U) [77 Misc 3d 133(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-637 K C

Heal-Rite, P.T., P.C., as Assignee of
Mark Lee, Appellant, 
against
State Farm Mutual Auto. Ins. Co., Respondent.

Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Nicholas W. Moyne, J.), entered October 27, 2021. The order granted defendant's
motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff
appeals from an order of the Civil Court granting defendant's motion for summary
judgment dismissing the complaint on the ground that plaintiff had failed to appear for
duly scheduled examinations under oath (EUOs).
The affidavit submitted by defendant established that the EUO scheduling letters and
the denial of claim forms, which denied the claims on the ground that plaintiff had failed
to appear for the EUOs, had been timely mailed in accordance with defendant's standard
office practices and procedures (see St. Vincent's Hosp. of Richmond v Government Empls. Ins.
Co., 50 AD3d 1123 [2008]) and defendant's mailing logs, submitted in
conjunction with the affidavit, provided additional proof that they were delivered to the
post office on the dates set forth in the affidavit. In addition, defendant submitted an
affirmation by its attorney who was scheduled to conduct the [*2]EUOs, which was sufficient to establish the assignor's
failure to appear (see Pavlova v
Nationwide Ins., 70 Misc 3d 144[A], 2021 NY Slip Op 50213[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2021]; TAM Med. Supply Corp. v 21st Century Ins. Co., 57 Misc 3d
149[A], 2017 NY Slip Op 51510[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2017]). As defendant established its prima facie entitlement to summary judgment
(see Interboro Ins. Co. v
Clennon, 113 AD3d 596 [2014]), and plaintiff failed to raise a triable issue of
fact in opposition to defendant's motion, the Civil Court properly granted defendant's
motion for summary judgment dismissing the complaint.
Accordingly, the order is affirmed.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2022