American Kinetics Lab, Inc. v Travelers Ins. Co. (2022 NY Slip Op
51212(U))

[*1]

American Kinetics Lab, Inc. v Travelers Ins. Co.

2022 NY Slip Op 51212(U) [77 Misc 3d 129(A)]

Decided on December 9, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 9, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-122 K C

American Kinetics Lab, Inc., as
Assignee of Ruchelle Bartley, Appellant, 
against
Travelers Insurance Company, Respondent.

Law Office of Marina Josovich, P.C. (Marina Josovich of counsel), for appellant.
Law Office of Tina Newsome-Lee (Janice A. Robinson and Albert Galatan of counsel),
for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Rupert V. Barry, J.), dated August 25, 2020. The order granted defendant's motion for
summary judgment dismissing the complaint and denied plaintiff's cross motion for
summary judgment.

ORDERED that the order is modified by providing that defendant's motion for
summary judgment dismissing the complaint is denied; as so modified, the order is
affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits,
defendant moved for summary judgment dismissing the complaint on the ground that
plaintiff had failed to provide requested verification, and plaintiff cross-moved for
summary judgment. By order dated August 25, 2020, the Civil Court granted defendant's
motion and denied plaintiff's cross motion.
Plaintiff correctly argues that defendant's motion for summary judgment should have
been denied, as defendant failed to establish, prima facie, that it properly requested any
additional verification from plaintiff. The only request in the purported verification
request letters, which defendant sent to plaintiff, is for an explanation as to how the
medical supplies furnished by plaintiff affected the treatment plan. That information was
specifically being sought from the [*2]prescribing doctor,
not from plaintiff, as follows:
"By copy of this letter, we request the following information from the
prescribing doctor, Albert Cianmino MD of AC Medical
PC:
- Please advise as to how the use of the medical supplies
prescribed for the patient above effected [sic] their treatment plan."
Therefore, as plaintiff argues, these were delay letters, not verification requests
(see 11 NYCRR 65-3.6 [b]; see JOA Chiropractic, P.C. v Hereford Ins. Co., 75 Misc 3d
140[A], 2022 NY Slip Op 50598[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2022]; Clear Water
Psychological Servs., P.C. v Hereford Ins. Co., 68 Misc 3d 127[A], 2020 NY
Slip Op 50847[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). While
defendant correctly argues in its brief that it was entitled to seek verification directly
from the prescribing doctor (see
Doshi Diagnostic Imaging Servs. v State Farm Ins. Co., 16 Misc 3d 42 [App
Term, 2d Dept, 9th & 10th Jud Dists 2007]), defendant's claim that it actually
"sought information from Dr. Albert Cianmino" is not supported by the record. Indeed,
despite the statement in the first letter that defendant was, by copy of the letter,
requesting information directly from the prescribing doctor, the doctor was not carbon
copied on the letter and defendant did not allege, much less prove, that the letter was, in
fact, mailed to the prescribing doctor.[FN1]
This is not a situation where plaintiff was even obligated to respond to the letter, if only
to state that it does not possess the requested information or documents or to seek
clarification (cf. Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins.
Co., 262 AD2d 553 [1999]; Urban Radiology, P.C. v Tri-State Consumer Ins. Co., 27 Misc
3d 140[A], 2010 NY Slip Op 50987[U], *1 [App Term, 2d Dept, 2d, 11th &
13th Jud Dists 2010]). On its face, the letter does not require a response from
plaintiff.
Consequently, defendant did not demonstrate that this action is premature based on
outstanding verification requests, and so its motion for summary judgment dismissing the
complaint on that ground should have been denied. 
Plaintiff's cross motion for summary judgment was properly denied as the proof
submitted in support of its cross motion failed to establish that the claims had not been
timely denied (see Viviane
Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]) or that
defendant had issued timely denial of claim forms that were conclusory, vague or without
merit as a matter of law (see
Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins.
Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [*3][App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2011]).
Accordingly, the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 9, 2022

Footnotes

Footnote 1: Defendant relies on a
"cover letter to the verification request" which defendant claims in its brief "lists the
address of Dr. Cianmino as the primary recipient of the letter." While such a letter would
not constitute proof that the letter was mailed to Dr. Cianmino, it is noted, in any event,
that there is no such cover letter in the record on appeal.