■ MIRIAM FELIX, as Administratrix of the Estate of PATRICK FELIX, Deceased, Appellant, v MIKLOS TISCHLER et al., Defendants and Third-Party Plaintiffs-Respondents. HUN J. KWAK, Third-Party Defendant-Respondent.— In an action to recover damages for wrongful death and conscious pain and suffering, etc., plaintiff appeals from an order of the Supreme Court, Kings County, entered April 7, 1978, which granted a motion by the third-party defendant, Dr. Hun J. Kwak, to dismiss plaintiff's supplemental summons and amended verified complaint. Order reversed, with $50 costs and disbursements payable to plaintiff by third-party defendant Kwak, and motion denied. "An amended or supplemental pleading served without leave * * * is not necessarily a nullity but should be considered effective when it is clear that the party would have been entitled to amend or supplement had he sought permission" (3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.22, p 30-612). Leave to amend shall be freely given upon such terms as may be just (CPLR 3025, subd [b]), and such leave should not be denied unless there is "lateness coupled with significant prejudice to the other side" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:5, p 477). Where an amended pleading "does not prejudice any substantial right" of the other party, the failure to seek prior leave is an "irregularity" which may be disregarded *(Matter of Association for Preservation of Freedom of Choice v Shapiro,* 14 AD2d 800). At bar, Special Term should have treated appellant's failure to seek prior leave as just such an irregularity. There was no showing of prejudice to Dr. Kwak, who was served with the supplemental summons and amended complaint within the Statute of Limitations. Of equal importance, Dr. Kwak has had knowledge of this action since December 20, 1976 and has participated in all aspects of discovery to date. Accordingly, the order appealed from is reversed, and the motion to dismiss the supplemental summons and amended verified complaint is denied. Mollen, P. J., Titone, O'Connor, Cohalan and Margett, JJ., concur.