■ JOYCE SNAY, as Administratrix of the Estate of EDWARD P. SNAY, Deceased, Respondent, v COHOES MEMORIAL HOSPITAL,

Defendant, and ANDREW J. BANIA, Appellant. — Casey, J.

Plaintiff commenced this action, seeking damages for the wrongful death of her husband, by service of the summons with notice on defendant Andrew Bania (hereinafter defendant) in January 1983. Defendant promptly served a notice of appearance and demand for the complaint. Shortly thereafter, in February 1983, plaintiff's attorney advised defendant's counsel that plaintiff had not yet been appointed administratrix of decedent's estate, that "we are therefore considering this suit to be a nullity" and that a new action would be instituted in the near future. Plaintiff was granted letters of administration on January 12, 1984, and her complaint was served on defendant in March 1984. Defendant promptly rejected the complaint upon the ground that "the summons heretofore served was a nullity" and that, therefore, there was no action pending. Plaintiff's motion to compel defendant to accept the complaint was granted by Special Term and this appeal ensued.

We begin by recognizing that since the summons was properly served upon defendant in accordance with the appropriate method prescribed by the CPLR, the action was commenced and cannot be considered a nullity (*compare, Carrick v Central Gen. Hosp.*, 51 NY2d 242, *with Markoff v South Nassau Community Hosp.*, 61 NY2d 283). Insofar as *Goldberg v Camp Mikan-Recro* (42 NY2d 1029), relied upon by defendant, can be construed to the contrary, it has been overruled by *Carrick v Central Gen. Hosp. (supra,* pp 248-249), which severely limited the application of *Goldberg.*

Next, although the action was defective when commenced by service of the summons due to plaintiff's lack of capacity to sue as administratrix, and subject to dismissal due to that defect, defendant never moved to dismiss the action; nor did plaintiff discontinue the action. Accordingly, when the complaint was served, the action was still pending and the defect had been cured. As noted by Special Term, if the action were to be dismissed for plaintiff's lack of capacity to sue when the summons was served, the six-month extension provisions of CPLR 205 (a) would be available to plaintiff if she sought to recommence the action, notwithstanding the time bar of the Statute of Limitations (*Carrick v Central Gen. Hosp., supra*).

Finally, we note that plaintiff's complaint was not timely served, but defendant did not reject the complaint on this basis.

Special Term was authorized to extend the time for service of the complaint (CPLR 2004), and plaintiff's motion papers establish a reasonable excuse for the delay and a meritorious cause of action. In these circumstances, and in view of the legislative mandate that the CPLR "be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding" (CPLR 104), we conclude that Special Term properly directed defendant to accept the complaint.

Order affirmed, without costs. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.