■ JOANNE SEIDENSTICKER, as Administratrix of the Estate of EARL J. HOFFNER, Deceased, Respondent, v HUNTINGTON HOSPITAL, Appellant. [600 NYS2d 96] —In an action to recover damages for wrongful death and personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated May 3, 1991, which denied its motion (1) to dismiss the complaint because of the plaintiff's failure to file a certificate of merit and notice of malpractice claim, and (2) sounding in summary judgment dismissing the cause of action sounding in wrongful death on the ground that it is time-barred.

Ordered that the order is modified, on the law, by adding a provision thereto directing the plaintiff to serve a certificate of merit pursuant to CPLR 3012-a and to file a notice of medical malpractice action pursuant to CPLR 3406 (a); as so modified, the order is affirmed without costs or disbursements. The

plaintiff's time to serve and file the required affidavit and notice is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry.

The plaintiff's decedent allegedly came under the care and treatment of the defendant hospital commencing on or about August 27, 1988. It is further alleged that during the time of his hospital stay, the decedent was forced to walk to the lavatory on his own, despite having made several urgent requests to the defendant's personnel for assistance. The decedent slipped on his way to the lavatory, fell and sustained serious personal injuries which allegedly caused his death on September 13, 1988.

In or about April 1990, the plaintiff, who is one of the decedent's surviving daughters, filed a petition with the Suffolk County Surrogate's Court seeking the issuance of letters of administration in order to bring the instant action. On August 31, 1990, while the petition before the Surrogate was still pending, and prior to the expiration of the two-year Statute of Limitations (see, EPTL 5-4.1), the plaintiff delivered a copy of the summons and complaint to the Suffolk County Sheriff in accordance with CPLR 203 (b) (5). The Surrogate issued letters of administration to the plaintiff on September 19, 1990, and thereafter, additional copies of the same summons and complaint were personally served upon the defendant.

The defendant sought dismissal of the wrongful death claim on the ground that the plaintiff lacked capacity to bring the action at the time the summons and complaint were delivered to the Sheriff. Since the plaintiff did not receive letters of administration until after the two-year limitation period had run, the defendant contends that the action was not commenced timely and its motion to dismiss should have been granted. We disagree.

The effect of the delivery of the summons and complaint to the Sheriff, which was followed by service upon the defendant within the 60-day period specified by the statute (see, CPLR 203 [b] [5]) is that the claim must be deemed interposed, and therefore the action commenced for timeliness purposes, within the applicable Statute of Limitations period (see, Berkshire Life Ins. Co. v Fernandez, 71 NY2d 874, 876; Matter of Long Is. Citizens Campaign v County of Nassau, 165 AD2d 52, 55). Although the plaintiff lacked the capacity to sue at the time of the initial delivery to the Sheriff, the action was nonetheless commenced and cannot be considered a nullity (see, Carrick v Central Gen. Hosp., 51 NY2d 242). Moreover,

the defect in the plaintiff's capacity was cured by the time the subsequent service was made. Under the circumstances, the motion to dismiss based on her purported lack of capacity was properly denied (see, Snay v Cohoes Mem. Hosp., 110 AD2d 1021, 1023; compare, Bernardez v City of New York, 100 AD2d 798).

However, we agree with the defendant's contention that the allegations recited in the complaint, and the bill of particulars, state claims sounding in medical malpractice (see, Bleiler v Bodnar, 65 NY2d 65; Raus v White Plains Hosp., 156 AD2d 354; Fox v White Plains Med. Ctr., 125 AD2d 538). Under the circumstances, the court should have required the plaintiff to serve an affidavit of merit as required under CPLR 3012-a and further, to file a notice of medical malpractice claim as required under CPLR 3406 (a) (see, Rice v Vandenebossche, 185 AD2d 336). Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.