■ CATHERINE V. ROMANO, as Parent and Natural Guardian of GUISEPPE A. ROMANO, Also Known as JOSEPH ROMANO, an Infant, et al., Respondents, v RICHARD CHALSON, Appellant, et al., Defendants. [610 NYS2d 78] —In an action to recover damages for medical malpractice, etc., the defendant Richard Chalson appeals from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered July 19,

1991, as granted that branch of the plaintiffs' cross motion which was to strike his affirmative defense of the Statute of Limitations.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The appellant contends that in a medical malpractice action commenced by service of process, where the Statute of Limitations has been tolled for 10 years due to infancy *(see,* CPLR 208), the provisions of CPLR 203 (b) (5) stating that a claim may be interposed by service upon the Sheriff of a county outside the City of New York, provided that the summons is served upon the defendant within 60 days after the period of limitation would otherwise have expired, should not apply. However, to the contrary, the effect of the delivery of the summons and complaint to the Sheriff, which was followed by service upon the appellant within the 60-day statutory period, is that the claim must be deemed interposed, and therefore the action commenced for timeliness purposes within the applicable Statute of Limitations period *(see, Seidensticker v Huntington Hosp.,* 194 AD2d 718). Since the infant plaintiff here properly interposed his claim pursuant to CPLR 203 (b) (5) (i), the court correctly granted that branch of the plaintiffs' cross motion which was to strike the appellant's affirmative defense of the Statute of Limitations. Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.