■ FELICIA BURWELL et al., Appellants, v YONKERS GENERAL HOSPITAL et al., Respondents. (Action No. 1.) FELICIA BURWELL et al., Appellants, v YONKERS GENERAL HOSPITAL et al., Respondents. (Action No. 2.) [776 NYS2d 569]—

In two related medical malpractice actions to recover damages for wrongful death and conscious pain and suffering, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 11, 2002, which (1) denied their motion to extend the time to serve the defendants with the summons and complaint in Action No. 1 pursuant to CPLR 306-b and to consolidate the actions, (2) granted the cross motion of the defendant St. Joseph's Medical Center to dismiss Action No. 1 and the wrongful death cause of action in Action No. 2 insofar as asserted against it, (3) granted the cross motion of the defendants Yonkers General Hospital and St. John's Riverside Hospital to dismiss both actions insofar as asserted against them, and (4) granted the cross motion of the defendant Walter Greenfield to dismiss both actions insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the cross motion of the defendants Yonkers General Hospital and St. John's Riverside Hospital, and the cross motion of the defendant Walter Greenfield, which were to dismiss the plaintiffs' causes of action to recover damages for conscious pain and suffering in Action No. 2 and substituting therefor provisions denying those

branches of the cross motions and reinstating the causes of action to recover damages for conscious pain and suffering in Action No. 2; as so modified, the order is affirmed, without costs or disbursements.

Between May 20, 1999 and May 26, 1999, the decedent allegedly sustained a malfunction of the ventriculoperitoneal shunt which the plaintiffs contend was not properly diagnosed, allegedly causing his death on May 26, 1999. Action No. 1, inter alia, to recover damages for wrongful death and conscious pain and suffering, was commenced by filing a summons and complaint on May 25, 2001 on behalf of the decedent's mother Felicia Burwell as "proposed administratrix" of the estate of the decedent, and Felicia Burwell individually. The plaintiffs commenced Action No. 2 for identical relief by filing a new summons and complaint on November 9, 2001.

Letters of administration were issued to Felicia Burwell on December 21, 2001. On January 14, 2002, the plaintiffs filed an amended summons and complaint in Action No. 2 stating that Felicia Burwell had been appointed administratrix, and thereafter served the defendants with the amended summons and complaint. The defendants appeared and answered.

By notice of motion dated August 8, 2002, the plaintiffs moved pursuant to CPLR 306-b for an extension of time to serve the defendants with the summons and complaint in Action No. 1 and to consolidate the two actions. As grounds for the delay, the plaintiffs cited the difficulty in locating the decedent's father to secure his consent to the mother's appointment as administratrix.

The defendant St. Joseph's Medical Center cross-moved (1) to dismiss Action No. 1 on the ground that the summons and complaint in that action was never served and no attempt was made to serve it, and (2) to dismiss the wrongful death cause of action in Action No. 2 as time-barred by the two-year statute of limitations. The remaining defendants separately moved for the same relief and also asserted that Action No. 2 should be dismissed in its entirety.

The Supreme Court denied the plaintiffs' motion, granted the cross motions and dismissed both actions. The Supreme Court held that the plaintiffs' causes of action to recover damages for wrongful death and conscious pain and suffering were time-barred on the ground that the defendants were served with a summons and complaint which was filed on January 14, 2002, after the two-year statute of limitations for wrongful death and the 2$^{1}/_{2}$-year statute of limitations for conscious pain and suffering resulting from medical malpractice expired (see EPTL 5-4.1; CPLR 214-a).

CPLR 306-b provides that service of a summons and complaint in a civil action "shall be made within one hundred twenty days after the filing of the summons and complaint," and "[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." In determining whether relief is warranted pursuant to CPLR 306-b "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]).

The denial of relief pursuant to CPLR 306-b in Action No. 1 was proper in view of the extensive delay in seeking such relief and the fact that the cause of action to recover damages for wrongful death did not allege as an essential element that an administratrix was appointed for the decedent (*see Rihal v Kirchhoff*, 291 AD2d 548 [2002]; *Estate of Jervis v Teachers Ins. & Annuity Assn.*, 279 AD2d 367, 368 [2001]; *James v Middletown Community Health Ctr.*, 278 AD2d 280, 281 [2000]).

Action No. 2 was filed on November 9, 2001. The act of filing "marks 'interposition' of the claim for Statute of Limitations purposes" (*Matter of Gershel v Porr*, 89 NY2d 327, 330 [1996]). Accordingly, the cause of action in Action No. 2, sounding in wrongful death, was properly dismissed as time-barred by the two-year statute of limitations which ran from the death of the decedent Travis Davis on May 26, 1999 (*see* EPTL 5-4.1). However, Action No. 2 was timely commenced with respect to the causes of action to recover damages for conscious pain and suffering since it was commenced within $2\frac{1}{2}$ years of the alleged malpractice (*see* CPLR 214-a).

At the time Action No. 2 was commenced, Felicia Burwell did not have the capacity to sue. Nevertheless, the action cannot be considered a nullity (*see Carrick v Central Gen. Hosp.*, 51 NY2d 242, 249 [1980]; *George v Mt. Sinai Hosp.*, 47 NY2d 170, 175-176 [1979]; *Plotkin v New York City Tr. Auth.*, 220 AD2d 653, 654 [1995]; *Snay v Cohoes Mem. Hosp.*, 110 AD2d 1021, 1022 [1985]). In *Seidensticker v Huntington Hosp.* (194 AD2d 718, 719-720 [1993]), this Court found that delivery of the summons and complaint to the sheriff pursuant to CPLR 203 (b) (5) prior to issuance of letters of administration constituted commencement of the action for statute of limitations purposes. This

Court further held: "Although the plaintiff lacked the capacity to sue at the time of the initial delivery to the Sheriff, the action was nonetheless commenced and cannot be considered a nullity (*see, Carrick v Central Gen. Hosp.*, 51 NY2d 242 [1980]). Moreover, the defect in the plaintiff's capacity was cured by the time the subsequent service was made. Under the circumstances, the motion to dismiss based on . . . lack of capacity was properly denied" (*id.* at 719-720).

In the instant case, since "the defect in capacity was cured prior" to the filing of the respective cross motions to dismiss, those cross motions should have been denied with respect to the causes of action sounding in conscious pain and suffering (*Plotkin v New York City Tr. Auth., supra* at 654; *Snay v Cohoes Mem. Hosp., supra; cf. Estate of Malik v New York City Hous. Auth.*, 287 AD2d 435 [2001]).

The defendants' remaining contentions are without merit (*see* CPLR 305 [c]; 3025 [a]; *Matter of Gershel v Porr, supra* at 332; *Felix v Tischler*, 73 AD2d 609 [1979]).

In view of the foregoing, the causes of action in Action No. 2 to recover damages for conscious pain and suffering are reinstated. Smith, J.P., Goldstein, Adams and Townes, JJ., concur.