*Sasmor v. Powell*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand fourteen.

**PRESENT:**

> **Pierre N. Leval,**
> **Guido Calabresi,**
> **Gerard E. Lynch,**
>> *Circuit Judges.*

─────────────────────────────────

**Jon Sasmor,**

> *Plaintiff - Appellant,*

> v.                 **13-1223**

**Steven Powell, Individually and as City Marshal,**

> *Defendant - Cross Claimant*
> *- Cross Defendant - Appellee,*

> and

**Chaim Goldberger, AKA Henry Goldberg, Isaac Teitelbaum, AKA Isaac Titalbaum, Abraham Schneebalg, Fern Fisher, Individually and as Deputy Chief Administrative Judge for the New York City Courts, Carol Alt, Individually and as Chief Clerk of**

**the Civil Court of the City of New York, Henry Management, LLC,**

> *Defendants - Cross Defendants - Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**      Jon Sasmor, *pro se*, Brooklyn, New York.

**FOR DEFENDANTS-APPELLEES:**      Kenneth D. Litwack, Esq., Kenneth D. Litwack Counselor at Law, P.C., Bayside, NY, for Appellee Steven Powell.

                                       David Lyle Stern, Stern & Stern, Esqs., Brooklyn, NY, for Appellees Chaim Goldberger, Isaac Teitelbaum, Abraham Schneebalg, and Henry Management, LLC.

                                       Mark Shawhan, Esq., Assistant Solicitor General, Office of the Attorney General (Barbara D. Underwood, Solicitor General, and Steven C. Wu, Deputy Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, NY, for Appellees Fern Fisher and Carol Alt.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jon Sasmor, proceeding *pro se*, appeals the judgment of the district court, dismissing his claims stemming from his eviction from a Brooklyn, New York, rooming house. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court decision dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or 12(c).  *See Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (in reviewing a judgment on the pleadings, Court "employ[s] the same standard applicable to dismissals pursuant to [Rule] 12(b)(6)." (internal quotation marks and ellipses omitted)). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

We affirm for substantially the reasons recommended by the magistrate judge in its report and recommendation ("R&R"), and the district court in its order adopting that recommendation. Contrary to Appellant's contentions, the magistrate judge and the district court properly addressed all of his claims.  Rather than addressing the merits of his claims, they found he lacked standing to bring them because the state court's conclusive determination that the Appellant lacked standing to advance those claims precluded Appellant from relitigating the issue in federal court.  We reject Appellant's contention that this ruling was in error because the state courts did not expressly decide that he lacked a possessory interest in the subject apartments, and because he was not a named party in the proceedings in which he sought to intervene.  For purposes of issue preclusion, "[t]he prior decision of the issue need not have been explicit" as

3

long as "it is contained in that which has been explicitly decided" by "necessary implication." *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003). That principle governs here. Additionally, the fact that Appellant was not a named party to the state court proceedings is not dispositive where, as here, Appellant actually participated in the proceedings and had a full and fair opportunity to litigate the existence of his interest in the subject apartments. *See Montana v. United States*, 440 U.S. 147, 154 (1979) ("One who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own is as much bound as he would be if he had been a party to the record." (internal quotation marks and alterations omitted)); Wright & Miller, Federal Practice & Procedure § 4451 Nonparty Control (2013) ("A nonparty who has in fact enjoyed a full and fair litigation has no more claim than a party to enjoy a second chance.").

Furthermore, the district court properly subjected the R&R to *de novo* review, insofar as Appellant objected to it. While we have considered all of Appellant's remaining arguments and find them to be without merit, we appreciate Appellant's able and well-prepared presentation of his arguments in this case. Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left: 50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>

4