OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
This holdover summary proceeding was brought in the name of an express trust (see EPTL 7-2.1 [a]). Despite repeated objections by appellant Jon Sasmor (tenant) in the answer, in opposition to petitioner’s motion for summary judgment, and by trial motion, that petitioner lacked the capacity to maintain this proceeding, as the statute vests the legal estate of an express trust in the trustees, no motion was ever made to join the trustees or to amend the caption to reflect that the trustees were the proper parties petitioner. In fact, the trustees did everything in their power to avoid disclosing their identities and appearing in this proceeding, including moving to quash the subpoenas that tenant had served upon them. In these circumstances, tenant’s motion to dismiss the petition for lack of capacity should have been granted (see EPTL 7-2.1 [a]; CPLR 1004; Matter of Straut, 126 NY 201 [1891]; Matter of Beiny, 23 Misc 3d 1112[A], 2009 NY Slip Op 50716[U] [Sur Ct, Bronx County 2009]; Limouze v M. M. & B Mar. Advancement, Training, Educ. & Safety Program, 397 F Supp 784, 787-790 [D Md 1975]; but cf. Bedford Apts. Co. v Coutts, NYLJ, Nov. 30, 2000 at 29, col 6 [App Term, 1st Dept]).
We note that, while tenant Lisa Lin has not appealed, she is, in the circumstances presented, united in interest with the appealing tenant, and, thus, the final judgment must be reversed as to both tenants (see e.g. Priegue v Paulus, 43 Misc 3d 135[A], 2014 NY Slip Op 50662[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
Pesce, P.J., Solomon and Elliot, JJ., concur.