Sasmor v. Powell

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand seventeen.

PRESENT:
> **DENNIS JACOBS,**
> **GERARD E. LYNCH,**
> > *Circuit Judges,*
> **PAUL A. CROTTY,***
> > *District Judge.*

---

Jon Sasmor,

> *Plaintiff-Appellant*,

> v.                                                            16-3654

Steven Powell, Individually and as City Marshal,

> *Defendant–Cross-Claimant–*
> *Cross-Defendant–Appellee*,

Chaim Goldberger, a/k/a Henry Goldberg; Isaac Teitelbaum, a/k/a Isaac Titalbaum; Abraham Schneebalg; Henry Management, LLC,

> *Defendants–Cross-Defendants–*
> *Appellees*,

Fern Fisher, Individually and as Deputy Chief Administrative Judge for the New York City

---

\* Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

**Courts; Carol Alt, Individually and as Chief Clerk of the Civil Court of the City of New York,**

                       *Defendants*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JON SASMOR, pro se, New York, NY. |
| **FOR DEFENDANT-CROSS-CLAIMANT-CROSS-DEFENDANT-APPELLEE:** | KENNETH D. LITWACK, Esq., Bayside, NY. |
| **FOR DEFENDANTS-CROSS-DEFENDANTS-APPELLEES:** | No appearance. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*; Orenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jon Sasmor, pro se, appeals from a judgment in favor of the defendants. Sasmor, a tenant in a Brooklyn rooming house, moved into spaces that became vacant when cotenants moved out. The trust that held the property initiated eviction proceedings against Sasmor and the former cotenants. The state court ruled that Sasmor lacked standing to intervene in the eviction proceedings against the cotenants, and he filed this federal lawsuit, arguing that his removal from the cotenants' rooms violated his constitutional rights. The district court ruled that the claims were barred by issue preclusion because the state court had necessarily decided that he lacked a property interest in his cotenants' rooms. We affirmed. When the Appellate Term later reversed Sasmor's eviction from his original room, concluding that the trust lacked the capacity to initiate the proceedings in its own name, *Ronald Henry Land Trust v. Sasmor*, 990 N.Y.S.2d 767 (App. Term 2014), the district court reopened the case to decide the narrow question of what effect, in any, the Appellate Term ruling had on its prior judgment, ultimately adhering to its decision to dismiss. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). A panel of this court will not generally reconsider the decision of a previous panel unless the litigant presents a "cogent and compelling reason." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002).

In Sasmor's prior appeal, we concluded that he lacked standing to pursue his claims "because the state court's conclusive determination that [he] lacked standing to advance [his] claims precluded [him] from relitigating the issue in federal court." *Sasmor v. Powell*, 554 F. App'x 67, 68 (2d Cir. 2014) (summary order). The intervening decision in *Ronald Henry Land Trust* that the trust was not the proper party to initiate the eviction proceeding against Sasmor does not impair the state court ruling that Sasmor was not a proper party to intervene in the

cotenants' eviction proceeding because he lacked standing. For that reason, the district court properly dismissed his complaint.

We have considered Sasmor's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk