Marcus v Lavalasse (2023 NY Slip Op 51403(U))

[*1]

Marcus v Lavalasse

2023 NY Slip Op 51403(U)

Decided on December 14, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 14, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, GRETCHEN WALSH, JJ

2022-951 RO C

Neil Marcus, Appellant,
against
Jackenton Lavalasse and Courtney Thaxton, Respondents. 

Alan McGeorge, for appellant.
Kevin T. Conway, for respondents.

Appeal from an order of the Justice Court of the Town of Clarkstown, Rockland County (Scott B. Ugell, J.), dated October 19, 2022. The order granted tenants' motion to vacate a final judgment in a holdover summary proceeding and to, in effect, dismiss the petition.

ORDERED that the order is reversed, without costs, tenants' motion to vacate the final judgment and to, in effect, dismiss the petition is denied, and the final judgment is reinstated.
In this holdover proceeding, a final judgment awarding landlord possession and the principal sum of $40,522 was entered. Tenants moved to vacate the final judgment and to, in effect, dismiss the petition, alleging that, after the final judgment was entered, tenants learned that The Neil Marcus Revocable Trust (the Trust) was the appropriate petitioner, not Neil Marcus, the named petitioner (see CPLR 5015 [a] [2], [3], [4]). Tenants argued, in effect, that this constituted a jurisdictional defect requiring dismissal. The Justice Court granted tenants' motion and dismissed the petition, finding that "the petitioner used the wrong name in bringing this action." 
Tenants' argument that the Trust was the appropriate petitioner is a standing argument which tenants did not raise in an answer or pre-answer motion to dismiss. In a summary proceeding, lack of standing does not deprive the court of subject matter jurisdiction, which is conferred by statute (see Birchwood Towers # 2 Assoc. v Schwartz, 98 AD2d 699 [1983]; Kitty Holding Corp. v Corriette, 70 Misc 3d 137[A], 2021 NY Slip Op 50072[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; see also Fountain Terrace Owners, Inc. v Balic, 59 Misc 3d 136[A], 2018 NY Slip Op 50519[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Daley v Billinghurst, 5 Misc 3d 138[A], 2004 NY Slip Op 51621[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]). Thus, tenants waived any such objection, and it was improper for the Justice Court to grant tenants' motion to vacate the final judgment and dismiss the petition (see [*2]Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239 [2007]; see also Lee Chen v Ray, 49 Misc 3d 137[A], 2015 NY Slip Op 51533[U] [App Term, 1st Dept 2015]). 
Even if not waived, tenants' specific argument is without merit. It is undisputed that Neil Marcus is the trustee of The Neil Marcus Revocable Trust. Tenants concede in their brief that, as a trust itself cannot maintain an action, its trustee is the proper party to commence an action on its behalf (see EPTL 7-2.1 [a]; CPLR 1004; see also Ronald Henry Land Trust v Sasmor, 44 Misc 3d 51 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Salanitro Family Trust v Gorina, 49 Misc 3d 153[A], 2015 NY Slip Op 51785[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), but argue that Mr. Marcus should have identified himself as the trustee in the petition. Contrary to that argument, there is no requirement that the trustee describe himself as such in the pleadings (see Connery v Sultan, 129 AD3d 455 [2015]). 
Accordingly, the order is reversed and tenants' motion to vacate the final judgment and to, in effect, dismiss the petition is denied, and the final judgment is reinstated.
GARGUILO, P.J., EMERSON and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 14, 2023