115 Essex St., LLC v Tenth Ward, LLC (2024 NY Slip Op 02290)

115 Essex St., LLC v Tenth Ward, LLC

2024 NY Slip Op 02290

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2020-07406
2020-08800
 (Index No. 502984/19)

[*1]115 Essex Street, LLC, respondent, 
v
Tenth Ward, LLC, et al., defendants, Edward Doyle, appellant. SDK Heiberger, LLP, New York, NY (Jacqueline Handel-Harbour and Steven Sperber of counsel), for appellant.

Shanker Law Group, Mineola, NY (Neil A. Bloom of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract and to recover on a personal guaranty, the defendant Edward Doyle appeals from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated September 14, 2020, and (2) an order of the same court dated October 28, 2020. The order dated September 14, 2020, denied the motion of the defendant Edward Doyle, inter alia, pursuant to CPLR 5015(a) and 317 to vacate a clerk's judgment of the same court dated July 18, 2019, insofar as entered against him upon his failure to appear or answer the complaint. The order dated October 28, 2020, insofar as appealed from, in effect, upon reargument, adhered to the original determination in the order dated September 14, 2020, denying the motion of the defendant Edward Doyle, inter alia, pursuant to CPLR 5015(a) and 317 to vacate the clerk's judgment dated July 18, 2019, insofar as entered against him.
ORDERED that the order dated September 14, 2020, is reversed, on the law, the order dated October 28, 2020, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant Edward Doyle was properly served with process, and for a new determination thereafter of the motion of the defendant Edward Doyle, inter alia, pursuant to CPLR 5015(a) and 317 to vacate the clerk's judgment dated July 18, 2019, insofar as entered against him; and it is further,
ORDERED that the appeal from the order dated October 28, 2020, is dismissed as academic in light of our determination on the appeal from the order dated September 14, 2020; and it is further,
ORDERED that one bill of costs is awarded to the defendant Edward Doyle.
In February 2019, the plaintiff commenced this action against, among others, the defendant Edward Doyle (hereinafter the defendant). The defendant neither answered the complaint nor made a pre-answer motion to dismiss the complaint. Following the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment, the Supreme Court entered judgment in favor of the plaintiff and against, among others, the defendant.
In or about July 2020, the defendant moved, inter alia, pursuant to CPLR 5015(a) and 317 to vacate the judgment insofar as entered against him. In an order dated September 14, 2020, the Supreme Court denied the defendant's motion without a hearing. Subsequently, the defendant moved for leave to reargue his prior motion, and the plaintiff opposed the motion. In an order dated October 28, 2020, the court, in effect, granted leave to reargue, and upon reargument, adhered to the original determination in the order dated September 14, 2020. The defendant appeals.
"When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897 [internal quotation marks omitted]; see U.S. Bank N.A. v Giraldo, 192 AD3d 720, 721). "Pursuant to CPLR 5015(a)(4), '[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order.' Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 737-738). "The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (id. at738).
"Ordinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served" (Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985; see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d 1305, 1307). Bare and unsubstantiated denials of receipt of the summons and complaint are insufficient to rebut the presumption of service (see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d at 1307; HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 663; Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631). "However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit, and necessitates an evidentiary hearing" (Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d at 631; see HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663). "If an issue regarding service turns upon a question of credibility, a hearing should be held to render a determination on this issue" (Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116; see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d at 1307; HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663).
Here, the Supreme Court erred in determining the defendant's motion, inter alia, pursuant to CPLR 5015(a) and 317 to vacate the judgment insofar as entered against him without first conducting a hearing, as the defendant demonstrated his entitlement to a hearing on the issue of service. The process server's affidavit of service established, prima facie, that the defendant was served pursuant to CPLR 308(2) by delivery of the summons and complaint to "John Doe, Worker," a person of suitable age and discretion at the defendant's actual place of business, and by mailing a copy of the summons and complaint to the defendant at his actual place of business (see Deutsche Bank Natl. Tr. Co. v Simpson, 208 AD3d at 1307; Stevens v Charles, 102 AD3d 763, 764; Anderson v GHI Auto Serv., Inc., 45 AD3d 512, 513). However, the defendant successfully rebutted the process server's affidavit through his specific averments, inter alia, denying receipt of service, asserting that his actual place of business is not "opened to the general public," that he "did not have employees working for [him]" at the time of service and was "the only one working there," and by pointing to significant discrepancies between the process server's physical description of John Doe and the defendant's actual physical appearance (see Citimortgage, Inc. v Behrman, 189 AD3d 1159, 1160-1161; Kowlessar v Darkwah, 172 AD3d 837, 839; HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663; Wells Fargo Bank, N.A. v Christie, 83 AD3d 824, 825). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether the defendant was properly served with process and for a new determination thereafter of the defendant's motion, inter alia, pursuant to CPLR 5015(a) and 317 to vacate the judgment insofar as entered against him.
The plaintiff's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court