Ofman v Bluestone (2024 NY Slip Op 02542)

Ofman v Bluestone

2024 NY Slip Op 02542

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-09017
 (Index No. 506246/14)

[*1]Mendel E. Ofman, appellant, 
v
Andrew L. Bluestone, respondent (and a third-party action).

Towers & Associates, P.C., Brooklyn, NY (Geanine Towers of counsel), for appellant.
Lewis, Brisbois, Bisgaard & Smith, LLP, New York, NY (Mark Anesh of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated November 16, 2021. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the second amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2014, the plaintiff, by his attorney, Jacques Catafago, commenced this action against the defendant Andrew L. Bluestone, inter alia, to recover damages for legal malpractice and excessive billing. The complaint alleged that Bluestone, who had represented the plaintiff in three related matters—an unsuccessful appeal in an action entitled Campos v Ofman and two legal malpractice actions entitled Ofman v Katz and Ofman v Ginsburg arising out of the underlying Campos action (hereinafter collectively the Campos actions)—excessively billed for services rendered and failed to exercise the ordinary, reasonable skill and knowledge commonly possessed by a member of the legal profession by, among other things, falsely representing to the plaintiff that the plaintiff would be able to recover his legal fees in the Campos actions, advancing legally and factually baseless arguments, and relying on an incomplete appellate record in the appeal in Campos v Ofman.
In April 2015, the plaintiff served an amended complaint, which asserted additional allegations of legal malpractice, including, among other things, that Bluestone charged the plaintiff $182,190 in legal fees to prosecute the Campos actions when the maximum recovery in those actions could have been only $55,000.
After Catafago was disqualified from representing the plaintiff in this action, the plaintiff retained new counsel, Daniel Richland. On December 12, 2017, the parties stipulated that the plaintiff would file a second amended complaint without leave of court and that the second amended complaint "shall serve as Plaintiff's operative complaint against" Bluestone. Richland served and filed a second amended complaint on behalf of the plaintiff that asserted two causes of action alleging "breach of fiduciary duty and faithless servant" and "negligence." The second [*2]amended complaint, which significantly pared down the allegations against Bluestone, alleged that Bluestone breached his fiduciary duty to the plaintiff in the Campos actions by representing that the plaintiff's legal fees in the Campos actions were recoverable, that Bluestone knew or should have known that there was no basis for the recovery of those legal fees, and that Bluestone induced the plaintiff to pay him $182,190 in legal fees when the plaintiff's maximum recovery in the Campos actions could have been only $55,000. By order dated August 15, 2018, the Supreme Court, inter alia, granted that branch of a motion of Bluestone which was pursuant to CPLR 3211(a) to dismiss the breach of fiduciary duty and faithless servant cause of action of the second amended complaint as duplicative of the negligence cause of action, which, based upon the parties' characterizations, the court deemed to be a cause of action alleging legal malpractice.
In July 2020, the plaintiff moved, pro se, for summary judgment on the second amended complaint. Thereafter, in February 2021, while his motion for summary judgment remained pending and undecided, the plaintiff moved, pro se, pursuant to CPLR 3025(b) for leave to amend the second amended complaint to reincorporate the allegations of legal malpractice that, according to the plaintiff, were erroneously deleted by Richland when Richland filed the second amended complaint and to assert additional factual allegations to clarify the legal malpractice cause of action.
In an order dated March 16, 2021, the Supreme Court denied the plaintiff's motion for summary judgment. In an order dated November 16, 2021, the court, inter alia, denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the second amended complaint. The plaintiff appeals from the order dated November 16, 2021.
"A motion for leave to amend a pleading should not be granted where prejudice or surprise to the opposing party results directly from the moving party's delay" (CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866). The determination to permit or deny amendment is committed to the sound discretion of the trial court (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959; LCVAWCP-Doe v Collins, 218 AD3d 557, 558). "In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered" (Matter of Logan, 170 AD3d 1178, 1180 [internal quotation marks omitted]).
Here, the plaintiff delayed more than three years after the second amended complaint was filed to seek leave to amend it. During that lengthy period of time, the parties had engaged in extensive discovery and the plaintiff had moved for summary judgment on the second amended complaint. Moreover, the parties agreed that the second amended complaint, which represented a significantly pared-down set of allegations, "shall serve as Plaintiff's operative complaint against" Bluestone. Under these unique circumstances, the plaintiff's proposed third amended complaint unfairly surprised and prejudiced Bluestone (see CitiMortgage, Inc. v Nunez, 198 AD3d at 866; Glaubach v Slifkin, 198 AD3d 623, 623). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the second amended complaint.
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court