Joan Ford Revocable Living Trust v Ford (2024 NY Slip Op 50568(U))

[*1]

Joan Ford Revocable Living Trust v Ford

2024 NY Slip Op 50568(U)

Decided on May 15, 2024

Civil Court Of The City Of New York, Queens County

Schiff, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 15, 2024
Civil Court of the City of New York, Queens County

Joan Ford Revocable Living Trust, Petitioner,

against
Pamela Cruz Ford, Respondent-Licensee JOHN DOE #1 and JANE DOE #1, Respondents-Undertenants.

Index No. L&T 316511/23

Counsel for Petitioner:
Steven Matthew Fink, Esq.
Counsel for Respondent:
Leon Isidore Behar, Esq.

Logan J. Schiff, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of Respondent's motion to dismiss, and Petitioner's cross-motion to amend the pleadings:
Papers Numbered
Notice of Motion, Affirmation/Affidavit, & Exhibits 1 (NYSCEF 6-14)
Notice of Cross-Motion, Affirmation/Affidavits & Exhibits 2 (NYSCEF 20-28)
Answering Affidavits 3 (NYSCEF 29-34)
Replying Affidavits 4 (NYSCEF 35-37)
RELEVANT FACTUAL AND PROCEDURAL HISTORY
Petitioner commenced this holdover proceeding seeking possession of the subject cooperative apartment upon filing the Notice of Petition and Petition on September 21, 2023. The Petition is predicated upon a 10-day notice to quit, which alleges that the Respondent Pamela Cruz Ford (hereinafter "Respondent") entered into possession of the premises pursuant to an oral license agreement made between Respondents and Edward J. Ford, the trustee of the Joan Ford Revocable Living Trust, and that Mr. Ford thereafter revoked the license.
Respondent answered the Petition alleging, inter alia, that this court lacks personal [*2]jurisdiction over her; that Petitioner, a trust, lacks standing and capacity to commence this proceeding; that the Petition does not state Petitioner's interest in the premises; and, that Petitioner does not, in fact, hold any interest in the subject premises. Respondent now moves for dismissal of the Petition pursuant to CPLR 3212 [FN1]
and CPLR 3211(a)(1), (3), (7), and (8). Petitioner opposes the motion and cross-moves pursuant to CPLR 3025(b) to amend the Petition.
DISCUSSION
For judicial economy, the court will first consider Petitioner's cross-motion to amend.
Petitioner's Cross-Motion to Amend
Petitioner seeks to amend two portions of the Petition. First, it seeks to include in the caption the name of Petitioner's trustee in lieu of the trust so to read: "Edward J. Ford as trustee of the Joan Ford Revocable Living Trust." Petitioner argues that amendment is warranted because Edward J. Ford is, in fact, the trustee of the Joan Ford Revocable Trust, and he has already appeared in the proceeding by personally verifying the Petition and signing the predicate ten-day notice to quit. Petitioner argues that the proposed amendment will not surprise or prejudice Respondent because Respondent knew or should have known that Edward J. Ford was the Petitioner's trustee based on the substance of the pleadings. 
Second, Petitioner seeks to amend paragraph "2" of the Petition (which refers to "Respondents" in occupancy) to specifically name Respondent Pamela Cruz Ford, John Doe and Jane Doe as the Respondents. Petitioner again argues no prejudice will result from this amendment because Cruz Ford and the Does are defined as the "Respondents" in the caption and the predicate notice.
Respondent in her opposition neither denies that Edward J. Ford is the trustee of the Petitioner-trust, nor points to any potential prejudice to be caused by the proposed amendments. Instead, Respondent argues that leave to amend should not be granted because the very commencement of the proceeding by the trust and not the trustee renders the Petition fatally defective. In support, Respondent cites to J. Carey Smith 2019 Irrevocable Trust v. 11 West 12 Realty LLC, 2023 NY Slip Op 32432[U] [Sup Ct, NY County 2023]) and Salanitro Family Trust v. Yelena Gorina, 49 Misc 3d 153[A] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015], which hold that, per EPTL 7.21(a), the legal estate of an express trust vests in the trustee and therefore only the trustee can sue or be sued. Therefore, Respondent argues, this case, commenced by a trust, must be dismissed. Respondent adds that even if this court permits the amendment of the Petition, the predicate notice remains defective and cannot be amended.
The decision to grant leave to amend the pleadings is within the court's discretion (see Ofman v Bluestone, 2024 NY Slip Op 02542 [2d Dept 2024]; Edenwald Contr. Co. v City of New York, 60 NY2d 957 [1983]). "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Alsaidi v Alsaede, 2024 NY Slip Op 02291 [2d Dept 2024]; LCVAWCP-Doe v Collins, 218 AD3d 557 [2d Dept 2023]).
Based on the law and facts herein, the court finds that amendment of the caption to reflect the name of the trustee is warranted. While the court agrees that a trust, alone, lacks the capacity to commence a proceeding, it rejects Respondent's contention that the Petition cannot be amended to add the trustee, where, as here, the trustee has in effect appeared in the proceeding by signing the predicate notice and verifying the Petition on behalf of the trust. Under these circumstances, the captioning of the proceeding in the name of the trust constitutes a curable non-prejudicial defect in the filing of the papers (see CPLR 2001; Est. of Benitez v. City of New York, 193 AD3d 42, 50 [1st Dept 2021] [Reversing dismissal of action for lack of capacity and sua sponte amending caption as "[a]n action instituted in the name of the estate, and not its personal representative, is subject to correction by amendment"], citing CPLR 2001 and Rosenberg v Caban, 16 NY2d 905 [1965]); see also People by James v. Trump, 217 AD3d 609, 612 [1st Dept 2023] [Where trust, not trustee, was sued but "the sole trustee is a defendant in this case and has been fully able to represent the Trust's interests, relief for this error should be limited to amending the caption"]).
The cases upon which Respondent relies in her motion support the availability of amendment here. In Salanitro, the Appellate Term reversed the trial court's order, which granted the petitioner-trust summary judgment despite the proceeding being commenced by the trust and not the trustee. Term then dismissed the petition, finding that the trust lacked capacity to commence the proceeding. However, in its analysis, the court highlighted that dismissal was warranted because the purported trustee "not only failed to sign the trust agreement, he also did not commence, or appear in, the instant proceeding," implying that the court might not have dismissed the petition had a duly authorized trustee properly sought substitution (id., 49 Misc 3d 153[A] at *2).
Similarly, in Ronald Henry Land Trust v Sasmor (44 Misc 3d 51 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]), the Appellate Term overturned the lower court's decision after trial, which denied a motion to dismiss and awarded the landlord a judgment of possession despite the proceeding being commenced by the trust. As in Salanitro, the court considered Petitioner's failure to join the trustee as a party in response to the motion to dismiss, noting that "no motion was ever made to join the trustees or to amend the caption to reflect that the trustees were the proper parties petitioner," again suggesting that had petitioner timely sought to amend the caption to add the trustee, the judgment in favor of petitioner would have been affirmed (id. at 52); cf. Hilda Townsend Revocable Tr. v. Johnson, 67 Misc 3d 1207(A) [Civ Ct, Queens Co 2020] [dismissing petition commenced by trust for lack of capacity where name of trustee was absent in pleadings and predicate notice and "[n]o authorization by the trustees [was] indicated or alleged."]). In contrast to the petitioners in Salantrino and Sasmor, here the Petition and predicate notice both are signed by and identify the trustee, and Petitioner has timely cross-moved to amend in response to Respondent's motion to dismiss.
As Respondent herself maintains that the trustee of the instant trust is the proper party to commence this proceeding, fails to deny that Edward J. Ford is the proper trustee for Petitioner, and points to no prejudice to be suffered should the pleadings be amended, Petitioner's cross-motion is granted. The Petition is hereby amended to reflect "Edward J. Ford, as trustee of the Joan Ford Revocable Living Trust," as the Petitioner, and to amend paragraph "2" of the Petition to read: "Respondent PAMELA CRUZ FORD, JOHN DOE #1, and JANE DOE #1 (the 'Respondents') are the occupants of the Premises who came into lawful possession of same pursuant to an oral license agreement (the 'License')."
[*3]Respondent's Motion to Dismiss
The first branch of Respondent's motion seeks dismissal based on both the Petitioner-Trust's lack of standing, as well as its lack of capacity. As noted above, the substance of Respondent's argument in favor of dismissal is based on Petitioner's lack of capacity, not standing. "Capacity should not be confused with standing, which relates to whether a party has suffered an 'injury in fact' conferring a 'concrete interest in prosecuting the action,' whereas capacity concerns whether the legislature invested that party with authority to seek relief in court" (Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d 377, 383 [2017], quoting Soc'y of Plastics Indus., Inc. v. Cnty. of Suffolk, 77 NY2d 761 [1991]). Whereas a party's lack of standing generally may not be corrected by recaptioning in the name of the proper party where timely challenged (see Lehtonen v Dellaquila 67 Misc 3d 139[A] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]), a lack of capacity may be cured in the appropriate circumstances where promptly addressed (see Burwell v Yonkers Gen. Hosp., 6 AD3d 478 [2d Dept 2004]; Plotkin v New York City Transit Auth., 220 AD2d 653 [2d Dept 1995]; Seidensticker v Huntington Hosp., 194 AD2d 718 [2d Dept 1993]).
The court here has found that the Petitioner-trust, alone, lacked capacity to commence this proceeding, but that the attendant circumstances warranted amendment of the Petition to include its trustee, who does have capacity and effectively commenced this proceeding in his name but for a captioning error, by signing the Petition and predicate notice. Accordingly, Respondent's motion to dismiss on the basis of lack of capacity is denied as moot.
In terms of standing, Respondent fails to raise, and this court fails to find, any basis for the proposition that Petitioner-Trustee, the newly amended Petitioner, lacks standing to commence this licensee case pursuant to RPAPL 721(7) as the putative proprietary lessee and owner of the appurtenant shares associated with the subject cooperative unit (see Marcus v Lavalasse, 81 Misc 3d 136[A] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]; In the Estate of Edwards, 6 Misc 3d 1039[A] [App Term, 1st Dept 2005]). Accordingly, this branch of Respondent's motion to dismiss is denied.
The second branch of Respondent's motion seeks to dismiss the proceeding due to Petitioner's failure to serve the predicate notice and Notice of Petition and Petition in compliance with RPAPL 735. The instant affidavits of service for both the Petition and the termination notice allege three attempts at personal service on Respondents during working and non-working hours before resorting to conspicuous placement of the pleadings on the door to the subject premises, and a subsequent mailing of the pleadings within one day of said affixing.
In her affidavit, Respondent denies having been served with the pleadings and predicate notice, claiming she was at the premises on the days the process server alleges to have attempted personal service and that the process server's presence was not "made known" to her. Further, Respondent claims that the certified mail receipts annexed to the affidavits of service are not stamped by the post office, and therefore the mailing was never completed.
In opposition, Petitioner argues that conspicuous place service for both the predicate notice and the Notice of Petition and Petition was properly effectuated as reflected in the affidavits of service.
A process server's affidavit of service "constitute[s] prima facie evidence of proper service" of process (Carver Fed. Sav. Bank v Supplice,109 AD3d 572, 572 [2d Dept 2013]; see also Wilmington Sav. Fund Socy. FSB v Zabrowsky, 212 AD3d 866, 869-870 [2d Dept 2023]; [*4]OneWest Bank FSB, 200 AD3d 1052; U.S. Bank N.A. v Nakash, 195 AD3d 651 [2d Dept 2021; Rox Riv 83 Partners v. Ettinger, 276 AD2d 782, 783 [2d Dept 2000]). "Bare and unsubstantiated denials of receipt of [the initiating papers] are insufficient to rebut the presumption of service" (115 Essex St. LLC v Tenth Ward, LLC, 2024 NY Slip Op 02290 [2d Dept 2024]). "However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit, and necessitates an evidentiary hearing" (id., quoting Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631 [2d Dept 2012]). While service of a predicate notice does not implicate personal jurisdiction, courts utilize the same evidentiary framework in assessing a challenge to the sufficiency of a process server's affidavit of service (see Marmon Realty Group, LLC v Khalil, 72 Misc 3d 136 [App Term, 2d Dept, 2d, 11th & 13 Jud Dists 2021]); Citi Land Servs., LLC v McDowell, 30 Misc 3d 145 [App Term, 2d Dept, 2d, 11th & 13 Jud Dists 2011]).
A review of the instant affidavits of service reflect, on their face, compliance with the requirements for conspicuous placement service per RPAPL 735. Respondent's conclusory denial of service and self-serving attestation of her presence at the premises on the days personal service was attempted, without other probative facts, are insufficient to overcome the presumption that personal service was attempted on three separate occasions as alleged in the affidavit of service. (see Cappa v Mahoney, 2024 NY Slip Op 50192[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2024; OneWest Bank FSB v Perla, 200 AD3d 1052 [2d Dept 2022]; Marmon Realty Group, LLC v Khalil, 72 Misc 3d 136 [App Term, 2d Dept, 2d, 11th & 13 Jud Dists 2021]; 156 Nassau Ave. HDFC v Tchernitsky, 112 NYS3d 859 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]); Deutsche Bank Natl. Trust Co. v Quinones, 114 D.3d 719 [2d Dept 2014]). Accordingly, the branch of Respondent's motion seeking dismissal or a traverse hearing as to the pleadings and predicate notice is denied.
Lastly, Respondent seeks dismissal based on the Petition's failure to state a cause of action and non-compliance with RPAPL 741. Respondent argues that the Petition fails to accurately state Petitioner's and Respondent's interest in the premises. Respondent claims, without any evidentiary support, that Petitioner has no possessory interest in the premises, and, on the contrary, Respondent is the actual owner of the subject cooperative apartment. In Response, Petitioner attaches a copy of a 1992 stock certificate, which purports to reflect the transfer of ownership of the cooperative shares to Petitioner.
On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleadings a liberal construction, take the allegations of the complaint as true, and provide the petitioner the benefit of every possible favorable inference. (Leon v. Martinez, 84 NY2d 83, 87 [1994], citing Morone v. Morone, 50 NY2d 481 [1980]; see also Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d 793 [2d Dept 2023]). The motion must be denied if from the four corners of the pleadings "factual allegations are discerned which taken together manifest any cause of action cognizable at law." (511 West 232nd Owners Corp. v. Jennifer Realty Co., 98 NY2d 144, 152 [2002]), citing Guggenheimer v. Ginsburg, 43 NY2d 268, 275 [1977]). 
Here, affording Petitioner the benefit of every favorable inference, the court finds that the Petition states facts sufficient to state a claim under RPAPL 731(7) based on termination of a license. The Petition alleges that Petitioner, the purported proprietary lessee and owner the shares of the instant cooperative, through its duly authorized trustee, was authorized to give Respondent a licensee to occupy the premises, and that the license was subsequently revoked by [*5]Petitioner upon service of the 10-day notice to quit, allegations which state a cause of action (see Saito v Doe, 71 Misc 3d 135 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]), and are not conclusively rebutted by Respondent's self-serving affidavit in support of her motion to dismiss. Moreover, even to the extent Respondent claims an ownership interest in the underlying cooperative shares, she fails to allege, let alone establish, that she is the proprietary lessee or otherwise has a possessory interest in the subject cooperative apartment, as opposed to a potential beneficial owner of the unit's associated shares, which are personal property (see id.; Victoria v Victoria, 82 Misc 3d 1209[A] [Civ Ct, Queens Co 2024]). As such, this branch of Respondent's motion to dismiss is denied without prejudice to Respondent's right to challenge Petitioner's entitlement to possession at trial, including by asserting any legally cognizable equitable defenses in her answer (see Carr v Carr, 78 Misc 3d 135[A], [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]).
The court has considered Respondent's remaining arguments and finds them without merit.
Accordingly, for the foregoing reasons, it is hereby
ORDERED that Petitioner's motion to amend the pleadings is granted; and it is further
ORDERED that Respondent's motion to dismiss is denied in its entirety; and it is further
ORDERED that Respondent is to interpose an answer to the Petition within 20 days of this order; and it is further
ORDERED that the matter is adjourned to June 24, 2024, at 9:30 a.m. for settlement or release to a trial part.
This constitutes the decision and order of the court.
Hon. Logan J. Schiff, J.H.C.
Dated: May 15, 2024
Queens, NY

Footnotes

Footnote 1:While Respondent moves pursuant to CPLR 3212, Respondent's papers fail to state any basis in fact or law under which summary judgment may be granted. As such, the court disregards the request for relief under CPLR 3212.