Ahluwalia v Seecharan (2020 NY Slip Op 04907)





Ahluwalia v Seecharan


2020 NY Slip Op 04907


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2019-10851
 (Index No. 4047/13)

[*1]Priyadeep Ahluwalia, respondent, 
v
Chandrika Seecharan, appellant.


Joel A. Perlmutter, Bronx, NY, for appellant.
Warren S. Hecht, Forest Hills, NY, for respondent.



DECISION & ORDER
In an action to annul a marriage, the defendant appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered July 24, 2019. The order denied the defendant's motion pursuant to CPLR 5015(a)(3) and (4) to vacate a judgment of annulment of the same court entered January 23, 2014, upon his failure to appear or answer the complaint.
ORDERED that the order entered July 24, 2019, is affirmed, with costs.
In 2013, the plaintiff commenced this action to annul her marriage to the defendant. On March 8, 2013, the defendant was served with a copy of the summons with notice pursuant to CPLR 308(1) at the parties' former marital residence in Queens. After the defendant failed to answer or appear in the action, the plaintiff moved for a default judgment of annulment. The Supreme Court granted the motion, and entered a default judgment on January 23, 2014. By order to show cause dated March 19, 2019, the defendant moved, inter alia, pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment. By order entered July 24, 2019, the court denied his motion. The defendant appeals.
"Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). A defendant's sworn denial of receipt of service rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing where the defendant swears to specific facts to rebut the statements in the affidavit of service (see Bank of N.Y. v Samuels, 107 AD3d 653, 653-654). However, "no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the affidavit of service" (Wells Fargo Bank, N.A. v Leonardo, 167 AD3d 816, 817; see Rodriguez v 60 Graham, LLC, 173 AD3d 1095, 1095-1096; HSBC Bank USA, N.A. v Powell, 148 AD3d 1123).
Here, the process server's affidavit of service constituted prima facie evidence of proper service of the summons with notice pursuant to CPLR 308(1), and the defendant's bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service (see Wells Fargo Bank, N.A. v Kohn, 137 AD3d 897; U.S. Bank N.A. v Tate, 102 AD3d 859). Moreover, the record contains no evidence of fraud or misrepresentation (see Wells Fargo Bank, N.A. v Gioia, 114 AD3d 766, 767; Deutsche Bank Natl. Trust Co. v Hunter, 100 AD3d 810). Accordingly, we [*2]agree with the Supreme Court's determination denying the defendant's motion pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment.
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court