Saito v "Doe," (2021 NY Slip Op 50419(U))

[*1]

Saito v "Doe"

2021 NY Slip Op 50419(U) [71 Misc 3d 135(A)]

Decided on May 7, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 7, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-699 K C

Miki Saito, as Executor of the Estate of
Leslie Baker, Appellant, 
against
Ewa "Doe," Also Known as Ewa Barry, Respondent.

Rizpah A. Morrow, Esq., for appellant.
Schwartsman Law Group, PLLC (Warren Beckerman and Marianna Schwartsman of counsel),
for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Kevin C.
McClanahan, J.), entered February 7, 2020. The order denied petitioner's motion for summary
judgment and granted occupant's cross motion to dismiss the petition in a licensee summary
proceeding.

ORDERED that the order is reversed, without costs, petitioner's motion for summary
judgment is granted and occupant's cross motion to dismiss the petition is denied. 
Petitioner, the executor of the estate of Leslie Baker, commenced this licensee proceeding
(see RPAPL 713 [7]) alleging that any license to occupy the cooperative apartment
expired after the 2016 death of Leslie Baker, the proprietary lessee and owner of the shares
appurtenant to the apartment. A 10-day notice to quit, which was served on Ewa Barry
(occupant) and James Barry, who died prior to the commencement of this proceeding, asserted
that both occupant and Mr. Barry were unauthorized to occupy the apartment.
Petitioner moved for summary judgment and occupant cross-moved to dismiss the petition. It
is undisputed that Ms. Baker bequeathed her shares and proprietary lease to Mr. [*2]Barry, who had been living with Ms. Baker at the time of her death;
that Mr. Barry's application to the cooperative board to transfer the shares and proprietary lease
to him was denied and that Mr. Barry never became a proprietary lessee; and that occupant
moved into the apartment and married Mr. Barry in 2018. The proprietary lease, annexed to
petitioner's motion papers, states that any transfer of the shares or proprietary lease is subject to
the cooperative board's approval, except in the case of a spouse. Ms. Baker's death certificate,
which was annexed to petitioner's motion, listed Mr. Barry as Ms. Baker's "domestic partner."
Occupant annexed to her cross motion a document that she identified as Mr. Barry's will, which
stated that he bequeathed any rights he had to the shares and the proprietary lease to occupant.
The Civil Court granted occupant's cross motion to dismiss the petition, finding that occupant is
not a licensee, and implicitly denied petitioner's motion for summary judgment.
Petitioner established, prima facie, that Ms. Baker, now deceased, was the shareholder and
proprietary lessee of the premises and that any license to occupy the apartment has been revoked.
Occupant's position is that, as Mr. Barry's wife, she is entitled to be named as the proprietary
lessee. However, Mr. Barry's application for the transfer of the proprietary lease to himself was
denied, and occupant has not submitted any evidence that the proprietary lease should have been
transferred to Mr. Barry without requiring the approval of the cooperative board. Thus, while
there is no issue presented on this record as to Mr. Barry's right to ownership of the shares
appurtenant to the apartment, occupant has not demonstrated her right to possession of the
apartment or otherwise established that her motion to dismiss the petition was properly granted
or that petitioner's motion for summary judgment was properly denied. 
We note that any objection to the authentication of the proprietary lease is improperly raised
for the first time on appeal (see Bank of Am., N.A. v Afflick, 172 AD3d 1146 [2019]).

Accordingly, the order is reversed, petitioner's motion for summary judgment is granted and
occupant's cross motion to dismiss the petition is denied.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 7, 2021