Fang Realty Corp. v Prime Six, Inc. (2022 NY Slip Op 51214(U))

[*1]

Fang Realty Corp. v Prime Six, Inc.

2022 NY Slip Op 51214(U) [77 Misc 3d 129(A)]

Decided on December 9, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 9, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-539 K C

Fang Realty Corp.,
Appellant-Respondent,
against
Prime Six, Inc., Respondent-Appellant.

Wenig Saltiel, LLP (Dan M. Blumenthal of counsel), for appellant-respondent.
Edelstein & Grossman (Jonathan I. Edelstein of counsel), for respondent-appellant.

Appeal and cross appeal from an order of the Civil Court of the City of New York,
Kings County (Consuelo Mallafre Melendez, J.), dated August 31, 2021. The order,
insofar as appealed from by landlord, granted the branch of tenant's motion seeking to
vacate a default final judgment entered June 7, 2021. The order, insofar as
cross-appealed from by tenant, denied the branch of its motion seeking to dismiss the
petition in a commercial holdover summary proceeding.

ORDERED that the order is affirmed, without costs.
Landlord commenced this commercial holdover proceeding in September 2020.
Landlord obtained a default final judgment on June 7, 2021 following conspicuous-place
service of the notice of petition and petition at the premises and mailings to the premises'
address. On July 15, 2021, tenant was evicted. By order to show cause dated July 21,
2021, tenant moved to, among other things, vacate the default final judgment (see
CPLR 5015 [a] [1], [4]) and, upon such vacatur, dismiss the petition based on a lack of
proper service of process. By order dated August 31, 2021, the Civil Court (Consuelo
Mallafre Melendez, J.) granted the branch of tenant's motion seeking to vacate the
default final judgment, finding a reasonable excuse for the default and a potentially
meritorious defense to the proceeding (see CPLR 5015 [a] [1]), but denied the
branch seeking to dismiss the petition. Landlord appeals from so much of the order as
granted [*2]the aforementioned branch of tenant's motion
and tenant cross-appeals from so much of the order as denied the other branch.
"Whether or not service was properly effectuated is a threshold issue to be
determined before consideration of discretionary relief pursuant to CPLR 5015 (a) (1)"
(Marable v Williams, 278 AD2d 459, 459 [2000]). "Pursuant to RPAPL 735,
conspicuous-place service is permitted only where the landlord has attempted personal or
substituted service and failed after having made a 'reasonable application,' which requires
that there is 'at least a reasonable expectation of success in finding a person on the
premises to whom delivery may be made' " (Doji Bak, LLC v Alta Plastics, 51 Misc 3d 148[A], 2016
NY Slip Op 50792[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016],
quoting 809-811 Kings Hwy.,
LLC v Pulse Laser Skin Care, 25 Misc 3d 130[A], 2009 NY Slip Op 52121[U],
*2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; see Brooklyn Hgts.
Realty Co. v Gliwa, 92 AD2d 602, 602 [1983]). "While the effort the process server
must make is less than that required under CPLR 308 (4) ('due diligence'), the effort must
have some expectation of success" (Brooklyn Hgts. Realty Co. v Gliwa, 92 AD2d
at 602; see Palumbo v Estate of Clark, 94 Misc 2d 1, 3 [Civ Ct, Bronx County
1978]). 
We agree with the Civil Court's determination that tenant was properly served with
process. Service attempts were made on September 16, 2020 and September 22, 2020
before the process server resorted to conspicuous place service. While the store had been
closed since March of 2020 due to the COVID-19 pandemic, we agree with the Civil
Court's conclusion that tenant maintained a presence in the store and that there is no
indication that tenant "abandoned the premises" such that conspicuous place service
would be invalid. Consequently, there is no basis to vacate the default final judgment
pursuant to CPLR 5015 (a) (4) and dismiss the petition. 
To be relieved of its default pursuant to CPLR 5015 (a) (1), tenant was required to
demonstrate both a reasonable excuse for the default and a potentially meritorious
defense to the proceeding (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,
67 NY2d 138, 141 [1986]; Torres v DeJesus, 197 AD3d 1260 [2021]; Hawthorne Gardens Owners Corp.
v Jacobs, 47 Misc 3d 148[A], 2015 NY Slip Op 50822[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2015]). The determination of what constitutes a reasonable
excuse sufficient to open a default lies within the sound discretion of the motion court
(see Matter of Gambardella v Ortov Light., 278 AD2d 494 [2000]; see also Harcztark v Drive Variety,
Inc., 21 AD3d 876, 876-877 [2005]). In this case, we find that the Civil Court
did not improvidently exercise its discretion in determining that tenant demonstrated a
reasonable excuse for its default. We also agree that tenant demonstrated a potentially
meritorious defense to the proceeding. However, contrary to tenant's contention, its
motion papers offer no basis to dismiss the petition at this juncture. 
Accordingly, the order is affirmed.
WESTON and TOUSSAINT, JJ., concur.
ALIOTTA, P.J., concurs in part and dissents in part and votes to modify the order by
[*3]granting the branch of tenant's motion seeking to
dismiss the petition.
I would vacate the default final judgment pursuant to CPLR 5015 (a) (4) and dismiss
the petition on the ground that conspicuous place service was not effectuated and, thus,
that the court lacks personal jurisdiction over tenant. Pursuant to RPAPL 735 (1), it is
only permissible to resort to conspicuous place service if, upon reasonable application,
admittance cannot be obtained and a person who can accept service cannot be found.
Neither was the case here. For both attempts at personal service, the affidavit of service
of the notice of petition and petition states: "Attempts made: 9/16/20 
@ 1:17 PM; 9/22/20 @ 9:43 AM - Commercial location closed. Brown paper on all
windows, signage removed." Since the restaurant was obviously not in operation, any
attempts that may have been made to both gain admittance and find a person to accept
service fell far short of meeting the "reasonable application" requirement of RPAPL 735
(1) (see ZOT, LLC v Crown
Assoc., 22 Misc 3d 133[A], 2009 NY Slip Op 50215[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2009]). Indeed, such attempts would have had no
"expectation of success" (Brooklyn Hgts. Realty Co. v Gliwa, 92 AD2d 602, 602
[1983]), but rather would have been "predestined to failure" (Palumbo v Estate of
Clark, 94 Misc 2d 1, 4 [Civ Ct, Bronx County 1978]). Consequently, the affidavit of
service does not constitute prima facie evidence of proper service.
I would note that tenant's admission, in its motion papers, of a periodic presence at
the restaurant to check mail, relied upon by the Civil Court, does not cure the infirmities
in the affidavit of service. Nor does tenant's failure to demonstrate that it had abandoned
the premises. The issue is whether, upon reasonable application, admittance could be
obtained and a person found there such that the attempts at personal service were
likely to be successful. There is nothing in the record that suggests that it was likely that
someone would be present to accept service of process at a restaurant that was closed for
business or, even if someone was present, that a process server would be able to obtain
admittance let alone to find such person there. While an occasional presence to check for
mail may have increased the likelihood that the notice of petition would eventually be
discovered affixed, as stated in the affidavit of service, "upon a conspicuous part of the
property sought to be recovered," it does not, in my opinion, provide a basis for the
process server to believe, under the circumstances presented, that there would be a
person on the premises to whom delivery could be made, let alone increase the likelihood
that the process server would be able to gain admittance to find such a person (see Doji Bak, LLC v Alta
Plastics, 51 Misc 3d 148[A], 2016 NY Slip Op 50792[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2016]; see Brooklyn Hgts. Realty Co. v Gliwa, 92
AD2d 602, 602 [1983]). 
Therefore, I would modify the order by granting the branch of tenant's motion
seeking to vacate the default final judgment pursuant to CPLR 5015 (a) (4) and, upon
such vacatur, granting the branch of the motion seeking to dismiss the petition for lack of
personal jurisdiction.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 9,
2022