Ng v Board of Directors (2024 NY Slip Op 51206(U))

[*1]

Ng v Board of Directors

2024 NY Slip Op 51206(U)

Decided on August 30, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 30, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2024-39 Q C

Sherman Ng, Respondent,
against
Board of Directors and Gem Property Group, LLC, Appellants. 

Moritt Hock & Hamroff, LLP (Robert L. Schonfeld of counsel), for appellants.
Sherman Ng, respondent pro se.

Appeal from an order of the Civil Court of the City of New York, Queens County (Claudia Lanzetta, J.), entered August 28, 2023. The order denied defendants' motion for summary judgment dismissing the complaint.

ORDERED that the order is modified by providing that the branches of defendants' motion seeking summary judgment dismissing so much of the complaint as alleges "Denied wheel chair access" and "Denied owners access" are granted; as so modified, the order is affirmed, without costs.
Plaintiff condominium unit owner commenced this action against defendants, the condominium's board of directors and property manager, respectively, by the filing of a summons with endorsed complaint on June 15, 2022 seeking $50,000 plus interest for "Violation City Regulations; Denied wheel chair access; Denied owners access." Plaintiff was deposed on October 19, 2022 and testified that so much of the complaint as alleges "Violation City Regulations" relates to defendants' decision to use a storage/ unloading area in the condominium's parking garage as a parking space for the building superintendent; that so much of the complaint as alleges "Denied wheel chair access" relates to defendants' denial of access to the building's handicap lift to the mother of plaintiff's domestic partner (hereinafter referred to as [*2]"the mother"); and that so much of the complaint as alleges "Denied owners access" relates to defendants' failure to provide certain condominium records for plaintiff's review upon plaintiff's request.
By notice of motion dated June 14, 2023, defendants moved for summary judgment dismissing the complaint, arguing, among other things, that defendants' decision regarding the use of the garage's storage/unloading area was protected by the business judgment rule and that plaintiff had not informed defendants that the mother was a person with a disability or sought reasonable accommodations for her. In an affidavit in opposition to defendants' motion, plaintiff, among other things, asserted that the business judgment rule did not apply to any of defendants' actions. Plaintiff did not deny that he had not informed defendants of the mother's disability or requested accommodations for her, but maintained that defendants were aware that the building had accessibility issues. He also stated that the only relief he sought in connection with the third item in the complaint, "Denied owners access," was a court order compelling defendants to provide the requested condominium records. By order entered August 28, 2023, the Civil Court (Claudia Lanzetta, J.) denied defendants' motion.
"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (id.). "If the moving party meets this burden, the burden then shifts to the non-moving party to 'establish the existence of material issues of fact which require a trial of the action' " (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014], quoting Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]).
"Where a condominium unit owner challenges an action by the condominium's board of directors, courts apply the business judgment rule" (Turan v Meadowbrook Pointe Homeowners Assn., Inc., 211 AD3d 985, 986 [2022]; see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 539 [1990]; Schoninger v Yardarm Beach Homeowners' Assn., 134 AD2d 1, 10 [1987]). "Under the business judgment rule, the court's inquiry is limited to whether the board acted within the scope of its authority under the bylaws (a necessary threshold inquiry) and whether the action was taken in good faith to further a legitimate interest of the condominium. Absent a showing of fraud, self-dealing or unconscionability, the court's inquiry is so limited and it will not inquire as to the wisdom or soundness of the business decision" (Schoninger v Yardarm Beach Homeowners' Assn., 134 AD2d at 9; see Katz v Board of Mgrs. of Stirling Cove Condominium Assn., 201 AD3d 634, 636 [2022]).
In support of their motion, defendants did not submit any evidence to establish that the board's decision regarding the parking garage's storage/unloading area was "within the scope of [the board's] authority under the bylaws (a necessary threshold inquiry)" (Schoninger v Yardarm Beach Homeowners' Assn., 134 AD2d at 9). Thus, defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law on the issue of whether that action was protected by the business judgment rule (see Pascual v Rustic Woods Homeowners Assn., [*3]Inc., 134 AD3d 1003, 1005 [2015]; cf. Katz v Board of Mgrs. of Stirling Cove Condominium Assn., 201 AD3d at 636). Consequently, the branch of defendants' motion seeking summary judgment dismissing so much of the complaint as alleged "Violation City Regulations" was properly denied (see Alvarez v Prospect Hosp., 68 NY2d at 324).
To the extent that plaintiff is making failure to accommodate claims under the Fair Housing Act (FHA) (42 USC § 3601 et seq.) and the New York City Human Rights Law (NYCHRL) (Administrative Code of City of NY § 8-107), those claims should have been dismissed. "To prove a discrimination claim [under the FHA] based upon a failure to accommodate a person's disability, the person must establish that he or she is disabled within the meaning of the statute, that the charged party knew or reasonably should have known about the disability, 'that the accommodation was likely necessary to afford the [disabled] person an equal opportunity to use and enjoy the dwelling,' that the requested accommodation was reasonable and that the charged party refused to make the accommodation" (Hollandale Apts. & Health Club, LLC v Bonesteel, 173 AD3d 55, 61 [2019], quoting Olsen v Stark Homes, Inc., 759 F3d 140, 156 [2d Cir 2014]). "In order for a [person] to state a prima facie case of disability based discrimination under the NYCHRL, the [person] must show that: (1) he or she has a disability, (2) the covered entity knew or should have known of the disability, (3) an accommodation would enable the [person] to use or enjoy his or her housing accommodation, and (4) the covered entity refused to provide an accommodation" (Matter of Mutual Apts., Inc. v New York City Commn. on Human Rights, 203 AD3d 1154, 1157 [2022]). Here, defendants established, prima facie, their entitlement to judgment as a matter of law with evidence showing that they neither knew nor should have known of the mother's alleged disability. In opposition, plaintiff failed to raise a triable issue of fact.
To the extent that plaintiff is alleging breach of fiduciary duty in connection with the mother, defendants are entitled to summary judgment dismissing that claim as well. "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C., 178 AD3d 987, 988 [2019] [internal quotation marks omitted]). Since, as noted above, defendants established that they neither knew nor should have known of the mother's alleged disability, defendants demonstrated, prima facie, that they did not engage in any misconduct in relation to the mother, and plaintiff failed to raise a triable issue of fact in opposition to that showing (see Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C., 178 AD3d at 989; Baldeo v Majeed, 150 AD3d 942, 946 [2017]; Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc., 58 AD3d 657, 658 [2009]). Thus, the branch of defendants' motion seeking summary judgment dismissing so much of the complaint as alleges "Denied wheel chair access" should have been granted.
"Except for proceedings for the enforcement of housing standards (CCA 110 [a] [4]; 203 [o]) and applications for certain provisional remedies (CCA 209 [b]), the New York City Civil Court may not grant injunctive relief" (Topaz Realty Corp. v Morales, 9 Misc 3d 27, 28 [App [*4]Term, 2d Dept, 2d & 11th Jud Dists 2005] [internal quotation marks omitted]; see Post v 120 E. End Ave. Corp., 62 NY2d 19, 25 [1984]; Hotel New Yorker Pharmacy v New Yorker Hotel Corp., 40 AD2d 967 [1972]; Gonzalez v Hallmpour, 66 Misc 3d 130[A], 2019 NY Slip Op 52060[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Consequently, the Civil Court lacks jurisdiction to issue an order compelling defendants to make condominium records available for plaintiff's review, and, thus, the branch of defendants' motion seeking summary judgment dismissing so much of the complaint as alleges "Denied owners access" should have been granted.
Accordingly, the order is modified by providing that the branches of defendants' motion seeking summary judgment dismissing so much of the complaint as alleges "Denied wheel chair access" and "Denied owners access" are granted.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 30, 2024