Ford v Ford (2025 NY Slip Op 50848(U))

[*1]

Ford v Ford

2025 NY Slip Op 50848(U) [86 Misc 3d 129(A)]

Decided on May 23, 2025

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 23, 2025
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, MARINA
CORA MUNDY, JJ

2024-458 Q C

Edward J. Ford, as Trustee of the
Joan Ford Revocable Living Trust, Respondent,
against
Pamela Cruz Ford, Appellant, John Doe #1 and Jane Doe #1,
Undertenants. 

Leon I. Behar, P.C. (Leon I. Behar of counsel), for appellant.
Blodnick, Fazio & Clark (Steven M. Fink of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County
(Logan J. Schiff, J.), dated May 15, 2024. The order denied occupant's motion to dismiss
the petition or, in the alternative, for summary judgment dismissing the petition, and
granted petitioner's cross-motion for leave to amend the petition in a licensee summary
proceeding.

ORDERED that the order is affirmed, without costs.
In this licensee summary proceeding (see RPAPL 713 [7]), commenced
naming the Joan Ford Revocable Living Trust (the trust) as petitioner, Pamela Cruz Ford
(occupant) moved to dismiss the petition or, in the alternative, for summary judgment
dismissing the petition, arguing, in effect, that a trust lacks the capacity to maintain a
proceeding; that the predicate notice, notice of petition, and petition were improperly
served; and that the trust has no ownership interest in the subject premises and the
petition does not properly state petitioner's interest in the subject premises. Petitioner
opposed the motion and cross-moved for leave to amend the petition to, among other
things, substitute the trustee of the trust, Edward J. Ford, as the petitioner in place of the
trust. By order entered May 15, 2024, the Civil Court denied occupant's motion and
granted petitioner's cross-motion.
A trust itself cannot maintain an action; rather, its trustee is the proper party to
commence an action on its behalf (see EPTL 7-2.1 [a]; CPLR 1004; Salanitro Family Trust v
Gorina, 49 Misc 3d 153[A], 2015 NY Slip Op 51785[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists [*2]2015]; Ronald Henry Land Trust v
Sasmor, 44 Misc 3d 51 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2014]). However, as the Civil Court correctly noted, amendment of the petition, rather
than dismissal, is appropriate where, as here, the trustee signed the trust agreement, the
predicate notice and the verification page of the petition, and promptly sought to amend
the petition to correct the defect (see Rosenberg v Caban, 16 NY2d 905, 906
[1965]; Bender v Uys, 24
Misc 3d 130[A], 2009 NY Slip Op 51350[U] [App Term, 1st Dept 2009]; Estate of Garbarino v Liberty Mut.
Group, 13 Misc 3d 135[A], 2006 NY Slip Op 52033[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2006]; cf. Salanitro Family Trust v Gorina,
2015 NY Slip Op 51785[U]; Ronald Henry Land Trust v Sasmor, 44 Misc 3d at
52). Moreover, the predicate notice named the trustee, not the trust itself, as "the
owner/licensor" of the premises, and occupant did not deny that Edward J. Ford is the
trustee of the trust, nor did she allege that she would be prejudiced or surprised by the
amendment. Consequently, the Civil Court did not improvidently exercise its discretion
in granting petitioner's cross-motion for leave to amend the petition (see Catnap, LLC v Cammeby's
Mgt. Co., LLC, 170 AD3d 1103, 1106 [2019]; D'Angelo v Kujawski,
164 AD3d 648, 650 [2018]; Bank of Am., N.A. v DeNardo, 151 AD3d 1008, 1010
[2017]) and in denying the branch of occupant's motion seeking to dismiss the petition
for, in effect, lack of capacity.
A process server's affidavit of proper service constitutes prima facie evidence of such
service (see Wells Fargo Bank,
N.A. v Enitan, 200 AD3d 736, 738 [2021]; Taron Partners, LLC v McCormick, 173 AD3d 927, 928
[2019]; Deutsche Bank Natl.
Trust Co. v Quinones, 114 AD3d 719, 719 [2014]). In order to rebut this prima
facie showing and raise an issue of fact necessitating a traverse hearing, the party
challenging the service must submit a sworn, nonconclusory, and factually specific denial
of service (see Ahluwalia v
Seecharan, 186 AD3d 1302, 1303 [2020]; Nationstar Mtge., LLC v Dekom, 161 AD3d 995, 996
[2018]). "Pursuant to RPAPL 735, conspicuous-place service [of the notice of petition
and petition] is permitted only where the [petitioner] has attempted personal or
substituted service and failed after having made a reasonable application, which requires
that there is at least a reasonable expectation of success in finding a person on the
premises to whom delivery may be made" (Fang Realty Corp. v Prime Six, Inc., 77 Misc 3d 129[A],
2022 NY Slip Op 51214[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2022] [internal quotation marks omitted]; see Naman v Sylveen Realty Co., 222
AD2d 564, 565 [1995]; 156
Nassau Ave. HDFC v Tchernitsky, 62 Misc 3d 140[A], 2019 NY Slip Op
50059[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; 809-811 Kings Highway, LLC v
Pulse Laser Skin Care, 25 Misc 3d 130[A], 2009 NY Slip Op 52121[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). RPAPL 713 requires the predicate
notice to be served upon the occupant in the manner prescribed in RPAPL 735.
Here, the affidavit of service for the predicate notice stated that the process server
made three attempts at personal or substituted service at the subject premises, on August
7, 2023 at 12:33 p.m., August 8, 2023 at 7:10 p.m., and August 11, 2023 at 7:39 a.m.,
respectively, before resorting to conspicuous-place service. Similarly, the affidavit of
service for the notice of petition and petition stated that the process server made three
attempts at personal or substituted service at the premises, on November 6, 2023 at 4:07
p.m., November 7, 2023 at 7:56 a.m., and November 8, 2023 at 7:34 p.m., respectively.
For service of both the predicate notice and the notice of petition and petition, the
process server's visits to the premises on three different dates [*3]and at different times, when occupant could reasonably
have been expected to be found at that location, were sufficient to permit
conspicuous-place service pursuant to RPAPL 735 (see Fang Realty Corp. v Prime
Six, Inc., 2022 NY Slip Op 51214[U]; 156 Nassau Ave. HDFC v
Tchernitsky, 2019 NY Slip Op 50059[U]; cf. U.S. Bank N.A. v Nakash, 195 AD3d 651, 653 [2021];
HSBC Mtge. Corp. (USA) v
Hollender, 159 AD3d 883, 884 [2018]). The affidavits also constituted prima
facie evidence that the process server properly affixed the documents to the door of the
premises, and mailed copies to the premises by first class and certified mail. Occupant's
bare and unsubstantiated denial of service in her affidavit lacked the factual specificity
required to rebut the prima facie proof of proper service (see Citimortgage, Inc. v
Cardali, 230 AD3d 467, 469 [2024]; OneWest Bank FSB v Perla, 200 AD3d 1052, 1055-1056
[2021]; HSBC Bank USA v
Archer, 173 AD3d 984, 985 [2019]). Thus, the Civil Court correctly denied the
branch of occupant's motion seeking to dismiss the petition for improper service of the
predicate notice, notice of petition, and petition.
Occupant argues that she submitted documentary evidence sufficient to demonstrate
that petitioner has no ownership interest in the subject premises. "A motion to dismiss a
[petition] pursuant to CPLR 3211 (a) (1) may be granted only if the documentary
evidence submitted by the moving party utterly refutes the factual allegations of the
[petition] and conclusively establishes a defense to the claims as a matter of law" (Cord Meyer Dev. Co. v Forest
Hills Owners Corp., 229 AD3d 495, 496 [2024] [internal quotation marks
omitted]; see Goshen v Mutual Life Ins. Co. of NY, 98 NY2d 314, 326 [2002];
GIT LEB, LLC v Golphin,
51 Misc 3d 144[A], 2016 NY Slip Op 50713[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2016]). "To be considered 'documentary,' evidence must be
unambiguous and of undisputed authenticity" (Davis v Henry, 212 AD3d 597, 597 [2023] [internal
quotation marks and alterations omitted]; see Hartnagel v FTW Contr., 147 AD3d 819, 820 [2017]),
"such as judicial records and documents reflecting out-of-court transactions such as
mortgages, deeds, contracts, and any other papers, the contents of which are essentially
undeniable" (Yan Ping Xu v
Van Zwienen, 212 AD3d 872, 874 [2023] [internal quotation marks omitted];
see Fontanetta v John Doe
1, 73 AD3d 78, 84-85 [2010]). "Conversely, letters, emails, and . . . affidavits[]
do not meet the requirements for documentary evidence" (Phillips v Taco Bell Corp., 152
AD3d 806, 807 [2017]; see
J.A. Lee Elec., Inc. v City of New York, 119 AD3d 652, 653 [2014]). Here, the
submissions in support of occupant's motion either do not constitute documentary
evidence within the intendment of CPLR 3211 (a) (1) or fail to utterly refute the
petition's allegations or conclusively establish a defense as a matter of law (see Lewis & Murphy Realty,
Inc. v Colletti, 187 AD3d 731, 733 [2020]; 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co., 127 AD3d
850, 851 [2015]; GIT LEB, LLC v Golphin, 2016 NY Slip Op 50713[U]).
Consequently, the Civil Court correctly denied the branch of occupant's motion seeking
to dismiss the petition based on documentary evidence.
Occupant also argues that petitioner could not have entered into an "oral license
agreement" with occupant, as claimed in the petition, and that petitioner's "bare assertion
of owning the premises" in the petition was insufficient. "On a motion to dismiss a
[petition] pursuant to CPLR 3211 (a) (7), the court must liberally construe the [petition],
accept all facts as alleged in the pleading to be true, accord the [petitioner] the benefit of
every favorable inference, and determine only whether the facts as alleged fit within any
cognizable legal theory" (MJ
Lilly [*4]Assoc., LLC v Ovis Creative, LLC, 221
AD3d 805, 807 [2023] [internal quotation marks omitted]; see Leon v
Martinez, 84 NY2d 83, 87-88 [1994]). Furthermore, pursuant to RPAPL 741, a
petition must, among other things, "[s]tate the interest of the petitioner in the premises
from which removal is sought," "[s]tate the respondent's interest in the premises and his
relationship to petitioner with regard thereto," and "[s]tate the facts upon which the
special proceeding is based." A petition which contains "fundamental misstatements and
omissions" is subject to dismissal on motion (Jeffco Mgt. Corp. v Local Dev. Corp. of Crown Hgts., 22 Misc
3d 141[A], 2009 NY Slip Op 50455[U], *2 [App Term, 2d Dept, 2d, 11th &
13th Jud Dists 2009]; see CPLR 404 [a]).
Here, the petition sets forth the necessary elements of a cause of action to recover
possession from a licensee pursuant to RPAPL 713 (7). It also sets forth the additional
information required by RPAPL 741 in a manner that is "reasonable[ ] under the
circumstances" (546 W. 156th
St. HDFC v Smalls, 43 AD3d 7, 11 [2007]) and gives the court and occupant
"adequate notice of the transactions intended to be proved" (Jeffco Mgt. Corp. v
Local Dev. Corp. of Crown Hgts., 2009 NY Slip Op 50455[U], *2, citing CPLR
3013). Therefore, the Civil Court correctly denied the branch of occupant's motion
seeking to dismiss the petition based upon alleged pleading deficiencies (see Saito v
"Doe," 71 Misc 3d 135[A], 2021 NY Slip Op 50419[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2021]; cf. Jamaica Seven, LLC v Villa, 67 Misc 3d 138[A], 2020
NY Slip Op 50630[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]).
Finally, "the proponent of a summary judgment motion must make a prima facie
showing of entitlement to judgment as a matter of law, tendering sufficient evidence to
demonstrate the absence of any material issues of fact" (Alvarez v Prospect
Hosp., 68 NY2d 320, 324 [1986]). "Failure to make such prima facie showing
requires a denial of the motion, regardless of the sufficiency of the opposing papers"
(id.). Here, occupant failed to make a prima facie showing of her entitlement to
judgment as a matter of law on the issue of ownership of the premises. Consequently, the
Civil Court correctly denied the branch of occupant's motion seeking summary judgment
dismissing the petition (see id.; Ng v Board of Directors, 83 Misc 3d 137[A], 2024 NY
Slip Op 51206[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]).
Accordingly, the order is affirmed.
TOUSSAINT, P.J., BUGGS and MUNDY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2025