Ford v Ford (2026 NY Slip Op 50014(U))

[*1]

Ford v Ford

2026 NY Slip Op 50014(U)

Decided on January 8, 2026

Civil Court Of The City Of New York, Queens County

Schiff, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2026
Civil Court of the City of New York, Queens County

Edward J. Ford as trustee of the JOAN FORD REVOCABLE LIVING TRUST, Petitioner,

againstPamela Cruz Ford, Respondent — Licensee, 
 JOHN DOE and JANE DOE, Respondents — Undertenants.

Index No. L&T 316511/23

Blodnick, Fazio & Clark for PetitionerLeon I. Behar, P.C. for Respondent

Logan J. Schiff, J.

Petitioner commenced this holdover proceeding seeking possession of the subject cooperative apartment within a building in Queens, New York, upon filing the Notice of Petition and Petition on September 21, 2023. The Petition is predicated upon a 10-day notice to quit, which alleges that the Respondent Pamela Cruz Ford entered into possession of the premises pursuant to an oral license agreement made between Respondents and Edward J. Ford, the successor trustee of the Joan Ford Revocable Living Trust ("Trust"), and that Mr. Ford thereafter revoked the license.
Respondent initially filed a combined motion to dismiss and for summary judgment, arguing, inter alia, that Petitioner, who originally commenced the proceeding in the name of the Trust rather than its Trustee, lacked capacity to sue, and that the Petition and annexed barebones notice to quit failed to adequately recite sufficient facts as required by RPAPL 741 inasmuch as Respondent has lived in the premises for over 30 years in an apartment that she claims was gifted to her and her late husband by her now-deceased in-laws, albeit never formally transferred into their names. Petitioner opposed the motion and cross-moved to amend the Petition to substitute Edward J. Ford as Trustee in place of the Trust. This court denied Respondent's motion and granted Petitioner's cross-motion to substitute the Trustee in place of the Trust, a decision which was affirmed by the Appellate Term (see Ford v Ford, 86 Misc 3d 129 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025]).
The court conducted a trial on November 5, 2025, and January 7, 2026, during which Edward Ford and Pamela Ford were called as witnesses for Petitioner. Mr. Ford offered few details as to the purported license conveyed by his parents, the original owners of the subject [*2]apartment following its purchase in 1986, and settlors of the Joan Ford Trust in which it is has been held since 1992. He testified that his parents allowed Respondent and her husband, Petitioner's brother, who passed away in or around 1999, to reside in exclusive possession since the unit was purchased without a lease or payment of rent, and that the Trust has always paid the maintenance in its own name. Respondent Ford, called as a hostile witness, testified that the apartment was purchased by her in-laws specifically for her and her husband as a gift using a combination of family funds, that while the maintenance has been paid in the name of the Trust since that time, her husband always reimbursed his parents through separate transactions, and that after his death, her late mother used the interest from a $200,000 life insurance policy in Respondent's husband's name to pay the maintenance. She further testified that it was always understood by the entire Ford family that she was the beneficial owner of the unit following her husband's death and that the parties simply never completed the formal process of transferring the shares to her name.
After Petitioner rested, Respondent's counsel made an oral motion for a judgment as a matter of law, arguing principally that: (1) Petitioner failed to prove his case insofar as he did not offer a proprietary lease reflecting that he is in possession of the subject premises, essentially a standing defense, and (2) Respondent is not properly characterized as a licensee, as the record reflects that she has been in exclusive possession of the subject premises since 1986.
With respect to Petitioner's standing, the court finds that the two original stock certificates in evidence issued by the cooperative corporation Wellsley Gardens Owners Corp., namely the 1986 stock certificate issued in the name of Joan Ford, which specifically references unit 6F, the subject apartment, and a second 1992 stock certificate in the name of the Joan Ford Trust, albeit without an apartment identification, sufficiently demonstrate that Petitioner is "the person entitled to possession of the property" (RPAPL 713[7]) even in the absence of a proprietary lease (see 6 W. 20th St. Tenants Corp. v Dezer Props. LLC, 230 AD3d 1050 [1st Dept 2024] ["In the context of shares in a cooperative corporation, '[t]he leasehold and the shareholding are inseparable'"], quoting Matter of State Tax Commn. v Shor, 43 NY2d 151, 154 [1977]). Contrary to Respondent's contention, it was not necessary for the cooperative corporation to authenticate these documents, as Petitioner Edward J. Ford's testimony that he found the original stock certificates in the files of his late mother, the settlor of the trust, and that his mother only owned one apartment in the building, was sufficient to authenticate the stock certificates and allow for the inference that Petitioner is the legal owner of the shares associated with the subject apartment. Further, these documents, both of which appear regular on their face and are over 30 years old, are self-authenticating pursuant to the ancient documents rule (see Estate of Essig v 5670 58 St. Holding Corp., 50 AD3d 948, 949 [2d Dept 2008]).
In any event, as it is uncontested that Respondent derives her right to possession from the predecessor Trustee of the Joan Ford Irrevocable Living Trust, her late mother-in-law Joan Ford, she is "estopped from denying that relation" (Attia v Imoukhuede, 55 Misc 3d 135 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; see also IGT-City's Prop. Dev., LLC v Ben Moses Jewlery Designer Co. Inc., 87 Misc 3d 130 [App Term, 1st Dept 2025]). It is likewise of no moment that Respondent is a purported beneficiary of the Trust, as any indirect financial interest she may have in the shares and appurtenant proprietary lease associated with the subject apartment held by the Trust constitutes a claim to personal property that does not give rise to a possessory interest (see Matter of 200 Claremont Ave. Hous. Dev. Fund Corp. v Estate of Elsie Lewis, ["Residential leases appurtenant to shares in a cooperative corporation, are personal property [*3]rather than real property."]; Victora v Victoria, 82 Misc 3d 1209 [Civ Ct, Queens Co 2024]; cf. see Kosc Dev., Inc. v Scott, 28 Misc 3d 138 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]).
However, regarding Petitioner's non-amendable assertion in the predicate notice to quit that Respondent is a licensee of the Trust, the record reflects that Respondent and her aligned family members have been in exclusive possession of the premises since approximately 1986. Under these circumstances, Respondent is, at a minimum, a tenant at will entitled to a 30-day notice under RPL 228, and the Petition must therefore be dismissed (see Hok Kwan Chu v Lee, 39 Misc 3d 147 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Rodriguez v Greco, 31 Misc 3d 136[A] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
Nor does Respondent's assertion in an attorney-answer in a prior holdover, premised on the termination of a month-to-month tenancy, that she is not a tenant because she never paid rent to the Trust compel a different result based on considerations of judicial estoppel (see LT-312724-22, NYSCEF 5). First, this statement does not establish that Respondent is a licensee or negate the possibility that she is a tenant at will, a quasi-tenancy originating at common law in which a party is afforded exclusive possession of real property without the reservation of rent for an indefinite period, typically of lengthy duration (see 4720 Ave., Inc. Hous, 81 Misc 3d 139 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). Furthermore, even if the court were to conclude that Respondent's position in the prior litigation is inconsistent with her present contentions, the doctrine of judicial estoppel is only applicable against "a party who has assumed a certain position in a prior legal proceeding and secured a judgment that endorses the position..." (Wilmington Trust, N.A. v Kamal, 237 AD3d 1244 [2d Dept 2025] [emphasis added]). Here, the court file reflects that the proceeding was voluntarily discontinued by Petitioner on May 9, 2023 (NYSCEF 7), which does not constitute a judgment or a determination on the merits that might implicate judicial estoppel (see 78/79 York Assoc. LLC v Radetsky, 2022 NY Slip Op 50865 [App Term, 1st Dept 2022]).
Accordingly, for the foregoing reasons, Respondent's oral motion for a judgment as a matter of law is granted, and the Petition is dismissed without prejudice to commencement of the appropriate action or proceeding, including, if applicable, premised on the termination of a tenancy at will following service of a notice pursuant to RPL 228. The clerk is directed to enter a judgment of dismissal in favor of Respondent.
This constitutes the decision and order of the court.
Hon. Logan J. Schiff, J.H.C.Dated: January 8, 2026Queens, NY